No. 39,006

James Barclay Smith, Jr., *Appellant,* v. Mutual Benefit Health & Accident Association, *Appellee.*

(258 P. 2d 993)

Opinion filed July 6, 1953.

*Howard F. McCue,* of Topeka, argued the cause, and was on the briefs for the appellant.

*George M. Brewster,* of Salina, argued the cause, and *Lester M. Goodell, Margaret McGurnahan,* and *Frederick A. Mann,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This was an action to recover accident benefits under the terms of a health and accident insurance policy. The appeal is from an order and judgment sustaining a demurrer to plaintiff's third amended petition and rendering judgment against him for costs.

Plaintiff who was carrying health and accident insurance with the defendant sustained accidental injuries at a time when the policy of insurance was in full force and effect. Thereafter he commenced this action by the filing of a petition in the district court of Shawnee county wherein he sought to recover benefits under its terms. De-

fendant attacked this pleading by a motion to strike certain of its allegations and to make others more definite and certain. This motion was sustained. Thereupon defendant filed an amended petition to which a demurrer was also sustained. Thereafter he filed a second amended petition and, when a motion to make it more definite and certain was sustained, he filed the instant or third amended petition, hereafter for purposes of brevity referred to as the petition, to which defendant demurred on the ground it failed to state facts sufficient to constitute a cause of action. When this demurrer was sustained plaintiff perfected the appeal to which reference is made in the opening paragraph of this opinion.

Omitting formal averments, allegations relating to the extent of appellant's injuries and the prayer portions of the petition, which it may be added included by reference the policy of insurance in question, required for disposition of questions raised on appeal read:

"That on the 28th day of May, 1950, near the city of Alexandria, in the State of Virginia, plaintiff suffered accidental injuries resulting in compressed and fractured first lumbar vertebrae and contusion of both heels. That plaintiff made a jump in a parachute and suffered such injuries when he came in contact with the ground.

"Plaintiff was a civilian at the time of such injuries. That the airplane was not piloted by plaintiff and plaintiff had no control of its operation. That the airplane was operated by the Civil Air Patrol, and was making a short local flight. The airplane in which plaintiff had gone up was an Aeronca numbered NC84490 owned by Cecil E. Brown. The pilot of the plane was Paul Dove and his license number was 399000, which is a commercial pilot's rating. Both the owner and said airplane and the pilot reside in Alexandria, Virginia.

"Plaintiff was trained and experienced during the War as a paratrooper, and was making a practice parachute jump for an Airshow. Plaintiff was not a fare-paying passenger in a licensed passenger plane provided by a common carrier of passengers upon a regular passenger route.

"That the plaintiff was not injured on or as a result of any fault or defect in the airplane or parachute. That as plaintiff descended in the parachute and neared the ground, he saw that he would collide with one of several air-craft parked on the ground, and plaintiff swung his body and attempted to maneuver and land betwen the parked air-craft. That without intention on the part of the plaintiff, the speed of plaintiff's descent suddenly increased and plaintiff was thrown to the ground between the said parked airplanes, landing upon his buttocks and back with such force that plaintiff suffered the injuries hereinbefore described."

The rights of the parties depend upon a construction of certain provisions of the policy. One of these is the insuring clause. So far as pertinent its provisions read:

"Hereby insures the person whose name is shown in the Schedule on the last page hereof (herein called the Insured), subject to the provisions and limitations of this policy, against loss of life, limb, or sight occurring, or loss of time sustained and commencing, while this policy is in force and resulting directly, and independently of all other causes, from such injuries, . . .

"(a) the term, such injuries, as used in this policy, shall mean accidental bodily injuries occurring while this policy is in force, but shall not include . . ., or (3) injuries received as a result of or while participating in aeronautics or air travel except as provided in Part H; . . ."

Part H, referred to in the insuring clause, provides:

"COMMERCIAL AIR TRAVEL PASSENGER COVERAGE. This policy covers such injuries, caused by any of the hazards of aviation or aeronautics, only if received while the Insured is riding as a fare-paying passenger in a licensed passenger airplane provided by an incorporated common carrier of passengers and while operated by a licensed transport pilot upon a regular passenger route between definitely established airports."

In passing we pause to note it is well to keep in mind that subsection (a) (3), above quoted, is a part of the exclusionary clause of the policy and Part H merely provides an exception to that clause under certain conditions.

There can be no question in this jurisdiction with respect to the general rules governing construction of insurance contracts when directly applied to policies dealing with aviation and aeronautical activities. They are well stated in *Knouse v. Equitable Life Ins. Co.,* 163 Kan. 213, 181 P. 2d 310, where we held:

"If the terms of a policy of insurance are ambiguous or obscure or susceptible of more than one construction, the construction most favorable to the insured must prevail.

"As an insurer prepares its own contracts and it is its duty to make the meaning clear if it fails to do so, the insurer and not the insured must suffer.

"Courts should not be astute to evade the meaning of words manifestly intended by the parties, but where an insurance contract is unambiguous it must be enforced according to its terms.

"Where an insurance contract is not ambiguous, the court may not make another contract for the parties; its function is to enforce the contract as made." (Syl. ¶¶ 1, 2, 3 and 4.)

To the foregoing rules of contractual construction another can well be added. It is that the fact terms of a policy of insurance may be construed as ambiguous when applied to one set of facts does not make them ambiguous as to others which come directly within the purview of such terms.

Neither can there be any question regarding the sole issue presented for decision in the instant appeal nor what is required of

this court in its disposition. In his brief appellant states the question for decision is whether, under facts such as are set forth in the petition, he is defeated by the limitation or exclusion clause appearing in subsection (a) (3) of the insurance clause of the policy while appellee, both in its brief and on oral argument, states the question is whether parachute jumping, as described in that pleading, constitutes participating in aeronautics or air travel within the meaning of those terms as used in such subsection of the policy.

At the outset, although he admits he was not a fare-paying passenger and hence makes no claim of liability against the appellee under the provisions of Part H of the policy appellant insists that its language must be construed as creating ambiguity in the phrase "while participating in aeronautics," appearing in subsection (a) (3) of the insuring clause of the contract. Upon careful analysis of the two mentioned sections of the policy we are unable to follow this line of reasoning or agree therewith. If anything the contrary is true. When read in connection with the exclusionary clause of the policy Part H clearly provides that injuries caused by any of the hazards of aviation or aeronautics are covered only if received while the insured is riding as a fare-paying passenger in a licensed passenger airplane, operated under the conditions and circumstances therein set forth.

In attempting to sustain his position the trial court erroneously sustained the demurrer to the petition much of appellant's argument is predicated upon the assumption that, as applied to the existing factual situation about which there can be no dispute in disposing of the demurrer to the petition, provisions of subsection (a) (3) are ambiguous, that therefore they must be construed against the appellee under the rules of construction to which we have heretofore referred, and that when so construed they do not exclude liability for injuries received under the confronting facts and circumstances. Thus the paramount question becomes obvious.

Turning to the petition it clearly appears that in accord with his own preconceived plan appellant, who was an experienced paratrooper, induced the pilot of an airplane to take him aloft where, after reaching a point of his own choosing, he intended to voluntarily jump from such airplane and make a practice parachute jump for an air show; that pursuant to such plan, after reaching the point in the air he desired, he jumped from the plane and attempted to make a descent to the ground through the air with the means of

conveyance he had previously chosen for that purpose, namely, a parachute; and that while making such descent, and in the process of concluding it, he sustained the injuries for which he now claims the appellee was liable under the terms of the policy.

There is little if any difference in the authorities as to the meaning of the word "aeronautics," as used in the phrase "participating in aeronautics" of the exclusionary clause of the instant policy of insurance.

See for illustration *Bew v. Travelers' Insurance Co.*, 95 N. J. 533, 112 A. 859, 14 A. L. R. 983, where the word is defined as the "art or practice of sailing or navigating in the air"; *Meredith v. Business Men's Acc. Assn.* 213 Mo. App. 688, 691, 252 S. W. 976, 978, where the court said "The verb 'to participate' as defined by Webster, means 'to have a share in common with others; to take part; to partake.' There is no implied meaning of contributing effort, nor that one participating is the creator or cause of that in which he participates. The word 'aeronautics' is defined by Webster as 'the science or art of ascending or sailing in the air . . .' The Standard dictionary defines it as 'the art or practice of sailing or floating in the air . . .' We therefore construe the words 'participating in aeronautics' to mean to share in sailing or floating in the air."; and *Head v. New York Life Ins. Co.*, 43 F. 2d 517, which quotes from the foregoing cases and approves the definitions therein set forth.

See, also, *Bayersdorfer v. Massachusetts Protective Ass'n,* 20 F. Supp. 489; *Massachusetts Protective Ass'n v. Bayersdorfer,* 105 F. 2d 595; and *Gregory v. Mutual Life Ins. Co. of New York,* 78 F. 2d 522, where "aeronautics" is said to be the science, art or practice of sailing or floating in the air and is also defined as the science and art of self-sustained flight in air, as by means of a balloon.

Nor, except for some difference in opinion as to whether the word "participating" denotes sharing in aeronautical activity, do we find any material conflict in decisions defining the word "participating" as used in the phrase to which we have previously referred. Even in the decisions last above cited, which we pause to note hold that its use does not comprehend or include passive sharing in aeronautical activities, it is said that participation means the action or fact of partaking, having or forming part of; the fact or condition of sharing in common with others; a taking part, association or sharing with others in some action or matter. Indeed *Mu-*

*tual Benefit Health & Accident Ass'n v. Bowman*, 99 F. 2d 856, on which appellant places great weight, is to the same effect.

Under the well recognized definitions of aeronautics, to which we have heretofore referred, there can be no doubt that when appellant elected to voluntarily jump from the plane and descend through the air to the earth by means of a parachute that he was personally engaged in an aeronautical maneuver. Under the definition of "participating," since it must be conceded he was the only person in charge and control of the parachute while making his descent, there is even less doubt that he was participating in such maneuver. The inescapable result is that in the light of the facts pleaded he was "participating in aeronautics," within the meaning of that term as used in the exclusionary clause of the policy. Under such circumstances it cannot be successfully argued the terms of the policy sued on are ambiguous, obscure or susceptible of more than one construction and the contract must be enforced according to its clear and unequivocal terms. It follows the trial court did not err in sustaining the demurrer, based upon the ground the petition failed to state a cause of action.

In reaching the conclusion just announced we have not overlooked, but disregarded as not in point, divers decisions relied on by appellant, such as *Swasey v. Massachusetts Protective Ass'n*, 96 F. 2d 265, certiorari denied, 305 U. S. 611, 59 S. Ct. 70, 83 L. Ed. 389; *Kinard v. Mutual Benefit Health & Accident Ass'n*, 108 F. Supp. 780; *Phoenix Mut. Life Ins. Co. of Hartford, Conn. v. Flynn*, 171 F. 2d 982; and for that matter numerous other decisions of like import cited and referred to in Rhyne on Aviation Accident Law, Chapter 11, pages 188 to 251, incl.; 29 Am. Jur. 730, Insurance, § 969; 45 C. J. S. 821, Insurance, § 783; 155 A. L. R., Anno. 1026; 17 A. L. R. (2d), Anno. 1051, holding that a passenger in an airplane is not participating in aviation or aeronautics within the meaning of that term as used in the exclusionary clause of an insurance policy when he has no management or control over the airplane. It may be said, however, that our examination of those decisions discloses no case which even indicates that where—as here—the insured is in control of or operating the aeronautical device used in sailing or floating in the air he can successfully maintain an action on a policy of insurance containing an exclusionary clause such as is involved in the case at bar. In fact in *Kinard v. Mutual Benefit Health & Accident Ass'n*, supra, stressed by appellant and described

by him as involving an insurance policy containing provisions identical with those now in question, it is expressly stated that the plaintiff in that case was participating in aeronautics or air travel while he was piloting the airplane in question.

Neither have we failed to give consideration to contentions advanced by appellant that his aerial descent was not the proximate cause of his injuries. The petition states that in attempting to land appellant saw that he would collide with one of several aircraft parked on the ground; that he swung his body in an attempt to maneuver the parachute and land between the parked aircraft; and that as a result he was thrown to the ground while landing and sustained the injuries on which he bases his right of recovery. In the face of these allegations this claim lacks merit and cannot be upheld.

The order of the district court sustaining the demurrer to the petition and the judgment against the appellant for the costs of the action must be and it is hereby affirmed.