SCHMUDE, Plaintiff, v. HANSEN and another, Defendants and Respondents: HOME MUTUAL INSURANCE COMPANY, Defendant and Appellant.

PETERSON, Plaintiff, v. SCHMUDE, Defendant: HANSEN and another, Defendants and Respondents: HOME MUTUAL INSURANCE COMPANY, Defendant and Appellant.

*September 9—October 5, 1965.*

For the appellant there were briefs by *Byrne, Bubolz, Spanagel & Pfankuch* of Appleton, and oral argument by *William S. Pfankuch.*

For the respondents there was a brief by *Allan & Storck* of Mayville, for Herman Mutual Insurance Company, and *Fintan M. Flanagan* and *Henry P. Hughes,* both of Oshkosh, for Ralph J. Hansen, and oral argument by *Mr. Robert E. Storck* and *Mr. Hughes.*

CURRIE, C. J. The issue on this appeal is whether the 1958 Ford pickup truck, which was purchased by defendant Hansen for use for farm purposes in connection with the operation of his farm, was covered at time of accident by Home Mutual's policy, issued nearly a year prior to such acquisition, which insured a described passenger automobile. While this truck was not a vehicle described in the policy, and did not replace the described vehicle, it had been acquired by Hansen only fourteen days prior to the accident

and it is contended that this vehicle was covered by the thirty-day automatic coverage provision of this policy.

To resolve this issue we must construe Home Mutual's policy. This policy obligates the insurance company to pay all sums the insured became obligated to pay which arose out of the operation, maintenance, and use of an "owned automobile." Had the language of the policy ended here, there would be no problem, for an "owned automobile" clearly includes a farm truck.[1] The instant policy, however, defines the term "owned automobile" and it is Home's contention that a farm truck is excluded from coverage under this definition. The specific problem before the court is to determine if the newly acquired 1958 truck is covered by the thirty-day automatic coverage provision for newly acquired automobiles. Pertinent policy provisions are as follows:

" '*owned automobile*' means (a) a private passenger or utility automobile owned by the named insured and described in the policy, (b) a trailer owned by the named insured, provided with respect to Part III it is described in the policy, (c) a private passenger or utility automobile or, with respect to Part III, a trailer, ownership of any of which is acquired by the named insured during the policy period, provided (1) it replaces a described automobile or trailer, or (2) the company insures all private passenger or utility automobiles or trailers owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days following such date; and includes a temporary substitute automobile. . . .

" '*private passenger automobile*' means a four wheel private passenger, station wagon or jeep type automobile;

" '*farm automobile*' means an automobile of the truck type with a load capacity of one and one-half tons or less not used for business or commercial purposes other than farming;

" '*utility automobile*' means an automobile, *other than a farm automobile,* with a load capacity of fifteen hundred

[1] *Wiese v. Polzer* (1933), 212 Wis. 337, 343, 248 N. W. 113.

pounds or less of the pick-up body, sedan delivery or panel truck type not used for business or commercial purpose." (Italics supplied.)

Hansen at no time advised Home Mutual or its agent that he desired coverage on the 1958 Ford pickup truck. Therefore, if coverage is to be afforded under Home Mutual's policy it must be by reason of the thirty-day automatic coverage provision of the policy. In construing this provision of the policy and the applicable definition clauses our first task is to inquire if there is any ambiguity present in these provisions as to whether or not a farm pickup truck qualifies for inclusion in the thirty-day automatic coverage clause. Unless there is ambiguity in this respect, the rule of strict construction against insurance companies is not applicable.

In *Tischendorf v. Lynn Mut. Fire Ins. Co.*[2] this court stated:

"The liability of an insurance company is based upon a contract entered into between the parties and must be governed by the provisions thereof, and, where such provisions are clear and unambiguous, the rule of strict construction against insurance companies cannot be resorted to for the purpose of modifying the contract or creating a new contract."

The type of vehicles covered under the thirty-day automatic coverage clause are "all private passenger or utility automobiles or trailers." According to the plain and ordinary meaning of these words, a pickup truck is not a

---

[2] (1926), 190 Wis. 33, 42, 208 N. W. 917. In accord are *Issacson v. Wisconsin Casualty Asso.* (1925), 187 Wis. 25, 203 N. W. 918; *Lontowski v. Ignarski* (1959), 6 Wis. (2d) 561, 95 N. W. (2d) 230; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. (2d) 545, 105 N. W. (2d) 807.

"private passenger automobile." [3] There is nothing in the policy definition of "private passenger automobile" which would normally extend to a pickup truck. Furthermore the policy language is "private passenger or utility automobiles." The term "utility automobiles" is a generic one whose ordinary meaning would include a pickup truck, thus negating the idea that "private passenger automobiles" was intended to have any broader import than is generally accorded it. Thus we conclude that, if a farm pickup truck is to be covered by the thirty-day automatic coverage clause, it must be by reason of it being a utility automobile.

When we turn to the policy definition of a "utility automobile" we find express language excluding a farm truck. This express language is "other than a farm automobile." Respondents cite *Lever Brothers Co. v. Erbe* [4] which held that the words "other than" frequently mean "in addition to," or words of similar import, rather than "except." We do not agree that this is a frequent meaning of "other than," and that the usual meaning of this phrase is "different than." However, the Iowa court in the *Lever Brothers Case* chose to construe the statutory words "other than" as "in addition to" in order to avoid an unreasonable result obviously not intended by the legislature. We are not persuaded that this precedent is one which should be followed in the instant case.

We cannot escape the conclusion that under the aforementioned definition clauses of the policy farm trucks are expressly excluded from coverage under the thirty-day auto-

---

[3] In *Schilling v. Stockel* (1965), 26 Wis. (2d) 525, 133 N. W. (2d) 335, evidence that a utility truck which was utilized by the insured as a passenger automobile was held to create an ambiguity with respect to a nonowned vehicle exclusion clause which excepted "passenger automobiles." That case is readily distinguishable from the instant case where the sole evidence as to use is Hansen's testimony that he intended to only use the truck for farm purposes.

[4] (1958), 249 Iowa 454, 87 N. W. (2d) 469.

matic coverage clause. Counsel for Home Mutual have been unable to supply any reason why the company should wish to exclude farm pickup trucks from the automatic coverage clause when other utility pickup trucks not used for farming purposes are included. Furthermore, other language of the policy establishes that trailers drawn by a farm pickup truck would be so covered if such truck, as well as any other automobile owned by insured, was insured by Home Mutual at time of acquisition of such trailer. However, if the company chose to write such a policy with this exclusion against farm trucks in the thirty-day automatic coverage clause and Hansen accepted it, there is no statute or court-adopted rule to render this type of exclusion contrary to public policy and void. As was said in *Bulman v. Bulman:* [5]

" 'It is true that as a general rule a contract of insurance shall be construed most strongly against the insurer, but in our opinion the terms of this contract are not ambiguous. Contracts of insurance rest upon and are controlled by the same principles of law that are applicable to other contracts, and parties to an insurance contract have the legal right to insert such provisions in the agreement as they see proper so long as the contract does not contravene the law or public policy, and it is the duty of courts to construe and enforce such agreements as made and not to make new contracts for the parties.' "

Similarly the seventh circuit in *National Union Fire Ins. Co. v. Frisco Frolics Musical Comedy Co.*[6] stated:

"Insurance companies may by contract limit their liability as they please . . . and the policy is the sole source of the parties' obligation. . . . The terms of the policy are certain and unambiguous, and the appellee failed to bring itself within those terms."

---

[5] (1955), 271 Wis. 286, 289, 73 N. W. (2d) 599.
[6] (7th Cir. 1933), 65 Fed. (2d) 928, 929.

Over objection by Home Mutual the trial court permitted Home Mutual's agent who wrote the Hansen policy, and its vice-president in charge of underwriting, to be questioned as adverse witnesses with respect to the practice of the company in insuring farm pickup trucks. Their testimony was to the effect that Home Mutual has used the same form of policy as was issued to Hansen to insure such farm trucks by describing them in the policy. Furthermore, when an insured under such a policy has subsequently acquired a farm truck and notified Home Mutual's agent, coverage has been extended to the farm truck by attaching an endorsement to the policy describing it, and by the insured paying the additional premium due for such coverage.

Respondents contend that this practice by Home Mutual is a surrounding circumstance which should be taken into consideration in determining whether an ambiguity exists with respect to including Hansen's 1958 farm pickup truck within the thirty-day automatic coverage provision of the policy. They cite *Georgiades v. Glickman,*[7] wherein we quoted with approval the Williston test of ambiguity as follows:

". . . whether a written contract is so unambiguous as not to render admissible any testimony of surrounding circumstances, is dependent on whether the words used are so clear that the offered evidence 'would not persuade any reasonable man that the writing meant anything other than the normal meaning of its words would indicate.' "

A course of conduct between Home Mutual and insureds other than Hansen is not material unless Hansen knew of it and relied upon it. The cases we have examined in which a course of conduct by one of the parties has been resorted to in construing a contract are limited to situations in which such conduct either took place with the other contracting

---

[7] (1956), 272 Wis. 257, 264, 75 N. W. (2d) 573.

party or was known and relied upon by him. There is no evidence that Hansen knew of such practice. The fact that upon purchase of the truck he immediately arranged for coverage by Herman Mutual indicates that he did not consider the truck was covered under the thirty-day automatic coverage clause of his policy with Home Mutual.

In *Smith v. Mutual Benefit Health and Accident Asso.*[8] the court in construing an exclusion clause in an accident policy stated:

"To the foregoing rules of contractual construction another can well be added. It is that the fact terms of a policy of insurance may be construed as ambiguous when applied to one set of facts does not make them ambiguous as to others which come directly within the purview of such terms."

For the reasons stated we conclude that the thirty-day automatic coverage clause of Home Mutual's policy issued to Hansen did not extend coverage to the 1958 Ford farm pickup truck being operated by Hansen at the time of the accident.

*By the Court.*—That part of the interlocutory judgment appealed from is reversed, and cause remanded for further proceedings not inconsistent with this opinion.

---

[8] (1953), 175 Kan. 68, 70, 258 Pac. (2d) 993.