Carolyn Diane FIELDER, Individually and as next friend of Lisa Diane Fielder, a Minor, Plaintiffs,

v.

FARMERS NEW WORLD LIFE INSURANCE COMPANY, a corporation, and Life Insurance Company of North America, Defendants.

No. CV 75–4218–AAH.

United States District Court, C. D. California.

Aug. 22, 1977.

Richard A. Daily and Arthur J. Aune, Anaheim, Cal., for plaintiffs.

Early, Maslach, Boyd & Leavy, Stephen J. Peterson, Los Angeles, Cal., for defendants.

## FINDINGS OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW

HAUK, District Judge.

A motion for summary judgment having been duly made by defendant Farmers New World Life Insurance Company herein, pursuant to Rule 56 of Federal Rules of Civil Procedure, the matter having been fully briefed and argued, and the court having fully considered the affidavit and other papers on file herein, the court finds the facts and states its conclusions of law as follows:

### FINDINGS OF FACT

1. Plaintiffs Carolyn Diane Fielder individually and as next friend of Lisa Diane Fielder, a minor, are citizens of the United States and the State of California.

2. Defendant Farmers New World Life Insurance Company is a corporation incorporated in and having its principal place of business within the State of Washington.

3. The matter in controversy herein exceeds the sum of Ten Thousand Dollars ($10,000.00), exclusive of interest and costs.

4. Prior to March 22, 1975, a written contract of insurance, Policy No. 490858, insuring the life of Donald G. Fielder in the face amount of $25,000.00 was issued to Donald G. Fielder by Farmers New World Life Insurance Company with plaintiff Carolyn Diane Fielder as the designated beneficiary.

5. At the express written request of Donald G. Fielder a rider which provided as follows was attached to said policy:

This policy is issued with the understanding and agreement that the following is a *Risk Not Assumed*:

Death of the Insured resulting from travel or flight in or descent from any kind of aircraft * * * (d) in which the Insured is acting as a pilot or as a member of the crew.

6. Expressly, in writing, Donald G. Fielder accepted issuance of said policy with the aforesaid aviation provision Risk Not Assumed.

7. On March 22, 1975, Donald Fielder was killed as a result of injuries sustained when the hang glider, of which he alone was the sole operator and occupant, crashed.

8. The hang glider that Donald Fielder was operating at the time of his death was a device designed to carry the weight of one person in flight through the air.

9. The hang glider that Donald Fielder was operating at the time of his death was capable of being controlled by the operator thereof to the extent that the operator could designate, prior to take-off or during flight, a landing point. Additionally, said hang glider was capable of turning both left and right and ascending and descending while in flight through the shifting of the weight of the operator. Under certain conditions, the hang glider was capable of performing aerobatical maneuvers such as dives, stalls, and wingovers.

10. At the time of the hang gliding accident causing his death, Donald Fielder launched the hang glider from an elevation of approximately Two Thousand One Hundred (2,100) feet and descended approximately Eight Hundred (800) feet in altitude to land at an elevation of approximately One Thousand Three Hundred (1,300) feet. The straight line distance from the launch area to a probable landing area which could be traversed in a single flight was approximately one-half (½) mile.

11. During the flight in which he sustained the injuries causing his death, Donald Fielder was at one point approximately

Six Hundred (600) feet from the ground, executed approximately Six (6) One Hundred Eighty (180°) degree turns while soaring along a ridge and attained speeds in excess of Twenty (20) miles per hour. After operating the hang glider in the air on this flight for approximately four (4) minutes, Donald Fielder crashed into the ground short of the proposed landing area and sustained the injuries causing his death.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

2. There are no genuine issues of material fact remaining in this litigation as between plaintiffs and defendant Farmers New World Life Insurance Company.

■ 3. Donald G. Fielder's operation of his hang glider just prior to his death constituted travel or flight in an aircraft in which said Donald G. Fielder was acting as pilot within the terms of the policy of insurance issued by defendant Farmers New World Life Insurance Company.

*Webster's New Collegiate Dictionary* 1973 Edition "Aircraft": page 25;

*3 Words and Phrases,* 1976 Pocket Supplement "Aircraft": page 24;

*Scarboro v. Pilot Life Insurance Company* (1955), 242 N.C. 444, 88 S.E.2d 133.

■ 4. Being requested and accepted in writing by Donald G. Fielder, the Aviation Provision Risk Not Assumed was supported by consideration.

*Civil Code* Section 1614.

5. The policy of insurance issued to Donald G. Fielder excluded from coverage the circumstances of Mr. Fielder's death.

6. Donald G. Fielder's death was not a loss to which the benefits provided by the policy applied.

7. Plaintiffs are not entitled to the proceeds of the life insurance issued by Farmers New World Life Insurance Company to Donald G. Fielder.

8. To the extent that these Conclusions of Law contain Findings of Fact, they will be deemed incorporated in the Findings of Fact.