Gaylene D. EDISON, Individually and as Personal Representative of the Estate of Kirk W. Edison, and Ted W. Edison, Plaintiffs-Appellants,

v.

The RELIABLE LIFE INSURANCE COMPANY, Defendant-Appellee.

CA No. 80–3431.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1981.

Decided Dec. 28, 1981.

Richard M. Kovak, Foulds, Felker, Burns & Johnson, P. C., Seattle, Wash., for plaintiffs-appellants.

Laurie D. Kohli, Seattle, Wash., defendant-appellee.

Before HUG and FARRIS, Circuit Judges, and TAYLOR,* District Judge.

FARRIS, Circuit Judge:

## BACKGROUND

Kirk Edison, a minor, died while parachuting when both his main and reserve parachutes malfunctioned. His parents brought this action against Reliable Life Insurance Co. after it denied coverage under a policy on Kirk's life. Both parties moved for summary judgment. The parents appeal the order granting summary judgment to the insurance company, *Edison v. Reliable Insurance Co.*, 495 F.Supp. 484 (W.D.Wash.1980). We affirm.

Summary judgment is appropriate, since the only dispute concerns the legal effect of language in the policy. *Murray v. Western Pacific Insurance Co.*, 2 Wash.App. 985, 993, 472 P.2d 611, 616 (1970).

We agree with the district court's holding that the provisions of the insurance policy are clear and unambiguous. The relevant provisions of the policy are:

* Honorable Fred M. Taylor, United States District Judge for the District of Idaho, sitting by designation.

**Section II COVERAGE**

Subject to the conditions, limitations and exclusions of the policy, insurance granted hereunder shall apply to injury sustained by an Insured Person anywhere in the world provided that aviation coverage shall be limited to riding as a passenger (and not as a pilot or member of the crew) in any civil aircraft having a valid "Airworthiness Certificate" . . .

\* \* \* \* \* \*

**Section IV EXCLUSIONS**

\* \* \* \* \* \*

(5) injury sustained while, or in consequence of, riding as a passenger or otherwise, in:

(a) any vehicle or device for aerial navigation other than as provided in Section II, Coverage . . .

## ANALYSIS

■ We find that under the terms of the insurance policy, "aviation" includes ascending in an airplane for the purpose of jumping out at 7,000 feet to form a skydiving formation and then returning to the ground in a parachute. Kirk was engaged in "aviation" from the time he entered the airplane until he returned to the ground. Since Kirk was not in a civil aircraft having a valid airworthiness certificate when he hit the ground, his death was due to risks which fell outside the scope of the "aviation coverage" (see Section II of the policy).[1]

■ The parents rely upon *Childress v. Continental Casualty Co.*, 461 F.Supp. 704, 707 (E.D.La.1978), *aff'd per curiam,* 587 F.2d 809 (5th Cir. 1979) for their argument that a parachute is not a "device for aerial navigation." We have reviewed that decision and decline to follow it. Further, the insurance policy in *Childress* did not contain a limitation of coverage similar to the limitation here.[2]

We hold that, under the language of the policy, a parachute is a "device for aerial navigation." *Cabell v. World Service Life Insurance Co.*, 599 S.W.2d 652, 654 (Tex.Civ. App.1980); *cf., Smith v. Mutual Benefit Health & Accident Association*, 175 Kan. 68, 258 P.2d 993, 996–97 (1953) (parachuting constitutes participation in "aeronautics or air travel" within the meaning of a policy exclusion); *Wilson v. Insurance Co. of North America*, 453 F.Supp. 732, 735 (N.D. Cal.1978) ("hang kite" excluded from life insurance coverage as a "vehicle or device for aerial navigation"); *Fielder v. Farmers New World Life Insurance Co.*, 435 F.Supp. 912, 914 (C.D.Cal.1977) (a hang glider is a "device for aerial navigation"). Kirk's death was specifically excluded from coverage under the terms of the policy.

■ The parents also argue that Kirk's death was proximately caused by the failure of his reserve chute to open. They contend that Kirk was not riding in a "device for aerial navigation," and that his death was therefore outside the scope of the exclusions in the policy. We understand but reject the argument. We rejected a similar narrow argument in *Rauch v. Underwriters at Lloyd's of London*, 320 F.2d 525 (9th Cir. 1963), where we held that one

---

1. This situation would be different if Kirk were forced to leave a certified aircraft in an emergency. As the trial court stated:

   If a person riding as a passenger in a certified aircraft is forced to use a parachute to save himself from disaster because of some crisis which affects him as a passenger, he might well be covered by the policy until he safely reaches the ground. But one who is riding as a passenger in a certified aircraft loses his status as such when he voluntarily leaves the plane, choosing an alternate means of returning to earth. In the former illustration, if the parachute fails to open, the insured dies as a consequence of having been riding as a passenger in a certified aircraft. In the latter

   illustration, if the parachute fails to open, the insured dies as a consequence of riding in a device for aerial navigation which has been specifically excluded from the policy.
   495 F.Supp. at 486–87 (footnote omitted).

2. The policy in *Childress* contained a similar exclusion for injuries "sustained in consequence of riding . . . in any vehicle or device for aerial navigation." *See* 461 F.Supp. at 705. The *Childress* court, at 706, relied on the fact that the parachutist was "descending from" an aircraft, rather than on the more important fact that the parachutist died "in consequence of riding [in a] device for aerial navigation."

who drowned after his airplane crashed in water died while engaged in aviation. The policy specifically excludes injuries sustained "in consequence of" riding in a device for aerial navigation. Kirk died while engaged in aviation and in consequence of riding in a device for aerial navigation. We will not obscure the intentions of the parties to the policy under the guise of interpretation. *See Green v. Mutual Benefit Life Ins. Co.*, 144 F.2d 55 (1st Cir. 1944).

Affirmed.