## MARBUT *v.* EMPIRE LIFE INSURANCE COMPANY.

Where a contract of "guaranteed double indemnity" insurance provided that the company agreed to pay the insured "one thousand ($1,000.00) dollars" on the "death of beneficiary," and, by a subsequent clause of the contract, that "if the name of a person over 21 and under 60 years of age is stated as the beneficiary hereunder, then in the event of the death of said beneficiary during the life of the insured, while this policy is of force, being caused" by accident as provided in the policy, the company would pay the insured the sum of one thousand dollars; and where after the death of the beneficiary it appeared from a petition filed by the insured against the company, to recover the sum of $1,000 on account of his death, that the beneficiary was 67 years of age at the date of issuance of the policy, a demurrer to the petition was properly sustained.

(*a*) This is so regardless of the cause of death of the beneficiary.

(*b*) The contract is to be considered in its entirety, so as to give force and effect to each material clause.

JULY 3, 1915.

Action upon insurance policy. Before Judge Bell. Fulton superior court. April 25, 1914.

*Hewlett, Dennis & Whitman,* for plaintiff.

*Little, Powell, Smith & Goldstein,* for defendant.

HILL, J.  Milton B. Marbut procured a policy of insurance from
the Empire Life Insurance Company, known as "double indemnity
insurance." The policy, so far as considered material, is as follows:
"Empire Life Insurance Company, Atlanta, Georgia, by this policy
of insurance agrees to pay one thousand ($1000.00) dollars at the
home office of the company in Atlanta, Georgia, as follows:  [The
Beneficiary]  To John Isaac Marbut (Father), or, if the insured
survives the aforesaid beneficiary, to the executors, administrators,
or assigns of the insured, immediately on approval of proofs of the
death of the insured during the continuance of this contract.  [The
Insured]  Milton B. Marbut of Lithonia, County of DeKalb, State
of Georgia.  Guaranteed Double Indemnity.  The Company guar-
antees to pay under this policy.  1. Two Thousand ($2000.00) Dol-
lars Death by Accident.  2. One Thousand ($1000.00) Dollars
Death by Other Cause.  3. One Thousand ($1000.00) Dollars
Total Disability, Payable in Ten Equal Annual Installments.  4.
One Thousand ($1000.00) Dollars Death of Beneficiary.  .   .
(B) During the premium-payment period, subject to the limita-
tions hereinafter stated, if the principal contract is in force, if the
name of a person over 21 and under 60 years of age is stated as the
beneficiary hereunder, then in the event of the death of said ben-
eficiary during the life of the insured, while this policy is in force,
being caused, independently of any and all other causes, by bodily
injury effected exclusively and directly by external and violent and
accidental means, and occurring within ninety days of the event
causing such injury, and provided such injury is sustained while
riding as a passenger in or on a place provided for the regular
occupancy of passengers in a railway-train or street-car propelled
by cable or compressed air or electricity or gasoline or naphtha or
steam and provided by a common carrier for the regular transpor-
tation of passengers only, or while riding on an elevator provided
for passenger service, immediately upon the receipt and approval of
proofs of death of said beneficiary, the Company will pay to the
insured Milton B. Marbut the sum of One Thousand ($1000.00)
Dollars."

The plaintiff, Milton B. Marbut, brought suit against the insurer,
and alleged, so far as material to be set out here, substantially as
follows:  The beneficiary named in the policy, John Isaac Marbut,
died on July 20, 1913, of paralysis, and immediately after his

death the plaintiff notified the defendant of the fact, and offered to make proof of the death and otherwise to comply with the terms and conditions of the policy with respect to proof of death and loss; but defendant refused to accept the proof, insisting that the death was not covered by the terms of the policy, and that there was no liability on its part to pay plaintiff any amount on account of such death. Plaintiff made demand on defendant for the payment of the $1,000 as agreed and guaranteed to be paid to him, and defendant failed and refused to pay plaintiff; and plaintiff alleged that the refusal to pay was in bad faith. He sued to recover $1000, and $250 as reasonable attorney's fees for prosecuting the case. It was alleged that the policy was executed by the defendant to the plaintiff on September 16, 1908, by the terms of which defendant, among other things, agreed to pay to plaintiff one thousand dollars upon the death of the above-named beneficiary, the father of petitioner, "said John Isaac Marbut being of the age of sixty-seven (67) years at the date of the execution and issuance of the policy." The defendant demurred to the petition, on the grounds, among others, "that the policy sued on does not obligate the defendant to pay to the plaintiff any sum whatever upon the death of John Isaac Marbut, because at the time of the issuance of the policy he was sixty-seven (67) years of age, and that under the terms of the policy the beneficiary whose death might create any liability on the part of the defendant must be between the ages of twenty-one (21) and sixty (60) years; and because it appears that the death of the beneficiary was caused by paralysis, which is not covered by the policy." The court sustained the demurrer and the plaintiff excepted.

So the case is here on petition and demurrer, and the allegations must be taken as true. From the above allegations it will be seen that the beneficiary was 67 years old when the policy was issued, one condition of which is that the beneficiary must be between the ages of 21 and 60 years. But it is insisted that the policy on its face guaranteed unconditionally the payment by the insurer to the insured of one thousand dollars in the event of the death of the beneficiary, without any qualification or condition whatever; and that as the subsequent clause of the policy which referred to the age of the beneficiary did not refer by its terms to the face of the policy, or vice versa, it could not relate to the beneficiary, and

therefore the former unconditional clause prevailed. We can not agree to this contention. The whole contract must be construed together, so as to give effect to each material and valid clause thereof. It would be contrary to all rules of construction to select one clause in a contract and construe it to the exclusion of other clauses bearing on and affecting the same subject-matter, and at variance with it. It is not a question of ambiguity, as argued; for both clauses are perfectly clear when standing alone. It is a question of the meaning of both clauses of the contract when construed together. They both refer to the death of the beneficiary; and construing them together, we think the meaning is, that in case of the death of the beneficiary, who must be between the ages of 21 and 60 years at the time of the taking out of the policy by the insured, the latter would be entitled to the sum of $1000, provided the death of the beneficiary was caused in the manner stated in the contract. But if the beneficiary was more than 60 years old at the date of the issuance of the policy, then under the contract the insured could not recover. It appearing from the petition that the beneficiary was 67 years of age at the time of the issuance of the policy, the insured can not, under the contract, recover for his death. And this is so regardless of the cause of his death. The court did not err in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*