42254. COTTON STATES MUTUAL INSURANCE COMPANY v. HUTTO et al.

ARGUED SEPTEMBER 6, 1966—DECIDED FEBRUARY 6, 1967.

*Jones, Sparks, Benton & Cork, Ed L. Benton, Carr G. Dodson,* for appellant.

EBERHARDT, Judge. Under the insurance contract involved in this case, liability coverage is afforded to two classes of automobiles—"owned" automobiles and "non-owned" automobiles, both of which terms are explicitly defined in the "Definitions" section applicable to the liability coverage. The question in

this case is whether the pickup truck is covered as a "non-owned automobile."

The policy provides in the "Definitions" section: " 'non-owned automobile' means a private passenger automobile or trailer. . . 'Private passenger automobile' means a four-wheel private passenger, station wagon or jeep type automobile." It is contended by Hutto, and the lower court so held, that the pickup truck falls within the definition of "private passenger automobile."

We disagree. The contract as a whole must be looked to in arriving at the construction of any part. *Code Ann.* § 56-2419; *Code* § 20-704 (4); *Marbut v. Empire Life Ins. Co.,* 143 Ga. 654 (b) (85 SE 834); *Fisher v. American Cas. Co.,* 194 Ga. 157, 159 (21 SE2d 68); *Utica Mut. Ins. Co. v. Dunn,* 106 Ga. App. 877, 878 (1) (129 SE2d 94). Applicable rules of construction are to be found in *Maddox v. Life & Cas. Ins. Co.,* 79 Ga. App. 164, 174 (53 SE2d 235), and citations; *Malsby & Avery v. Young,* 104 Ga. 205, 212 (5) (30 SE 854); *Hartford Acc. &c. Co. v. Hulsey,* 220 Ga. 240 (138 SE2d 319), and in the recent case of *State Farm Mut. Auto. Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432). When the contract is considered as a whole the conclusion is demanded that a pickup truck is not a "private passenger automobile" within its meaning.

In the same "Definitions" section, *"owned* automobile" is defined as "The *private passenger, farm* or *utility* automobile which is owned by the named insured. . ." Thus the contract treats the category of "private passenger" automobiles as being separate and distinct from those of "farm" automobiles and "utility" automobiles, which, under further definition, are not "private passenger" automobiles.

"Farm automobile" is defined as "an automobile *of the truck type* with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming. *"Utility* automobile" is defined as "an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pickup body, sedan delivery, or panel truck type not used for business or commercial purposes."

It is clear that a pickup truck would be either a *"farm* auto-

mobile" or "*utility* automobile" depending, because of the express wording of the definitions, upon the actual use made of the particular truck. And since "farm" automobiles and "utility" automobiles are not "private passenger" automobiles, it necessarily follows that a pickup truck is not a "private passenger automobile" within the meaning of the contract. *Pickup trucks, if covered at all under this "family combination" policy, are included in the coverage afforded to "owned" automobiles and must be owned by the insured* because "owned automobile" is defined to include "farm" automobiles and "utility" automobiles; but the pickup truck with which we deal here is *not* included in the definition of coverage afforded to "non-owned" automobiles and could not be included in the definition of an "owned" automobile, since the insured did not own it. Hercules Cas. Ins. Co. v. Preferred Risk Ins. Co., 337 F2d 1, 3 (10th Cir.) ; Schmude v. Hansen, 28 Wis.2d 326 (137 NW2d 61).

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*