The **HOME INDEMNITY COMPANY, a New York Corporation, Plaintiff,**

v.

**NORTHWESTERN NATIONAL INSURANCE COMPANY, of Milwaukee, Wisconsin, a Corporation, Defendant.**

**Civ. No. 1411.**

United States District Court
D. Montana,
Missoula Division.

Feb. 14, 1968.

---

Keller, Magnuson & Reynolds and Glen L. Drake, Helena, Mont., David O. De-Grandpre, Shelby, Mont., for plaintiff.

Garlington, Lohn & Robinson and John R. McInnes, Missoula, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

This diversity case submitted on an agreed statement of facts requires for its solution the construction of an exclusion clause in an automobile liability insurance policy.

The facts which give rise to the action are these: Riklin was engaged in the construction of two highway bridges in Montana. Employed by him as construction workers were Bennett and Salvaggi who lived in a town located approximately thirty miles from the job site. Bennett and Salvaggi drove to and from work together, using Bennett's pickup truck one week and a car furnished by Salvaggi the next week. On May 21, 1965, Bennett and Salvaggi drove to work in Bennett's pickup and reported at Bridge Site No. 1, where both worked until about 11:30 A.M. At that time both men were directed by Riklin to go to Bridge Site No. 2, approximately two and one-half miles away. In the course of the construction work it was necessary for the men to move from bridge site to bridge site and the employer, Riklin, had vehicles available for that purpose. On this occasion there was such a vehicle available. Salvaggi, however, instead of using his employer's vehicle, drove Bennett's pickup because both Bennett and Salvaggi wanted the pickup at Bridge Site No. 2 at the end of the work day for their own convenience. The employer did not pay for the use of the Bennett pickup although he consented to its use. During the trip from Bridge Site No. 1 to Bridge Site No. 2, Salvaggi was being paid his regular scale. While on the trip Salvaggi had an accident which resulted in the death of one person and serious injuries to another. Claims for damages were asserted.

The insurer carrying insurance on the Bennett pickup and the plaintiff, Home Indemnity Company (Home), which insured Riklin, settled the damage claims. Plaintiff now seeks to recover a portion of what it paid from the defendant, Northwestern National Insurance Company (Northwestern). It is assumed for the purposes of this opinion that if Northwestern's policy covered Salvaggi at the time of the accident, then Northwestern is liable to plaintiff.

█ Northwestern which had issued a liability policy describing vehicles owned by Salvaggi denied coverage and defends this action on the basis of an exclusion clause,[1] urging that the pickup was a

---

1. "(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or of any other person or organization, (2) any other business or occupation of the insured, but this exclusion (h) (2) does not apply to a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant or a trailer used therewith or with an owned automobile;"

non-owned vehicle at the time of the accident, was being used in the "business or occupation of the insured", and was not a "private passenger automobile" within the meaning of the exemption in the exclusion clause.

The word "insured" in the exemption clause is interpreted by the court to include both Riklin (an omnibus insured) and Salvaggi (the named insured) and under that interpretation the court is of the opinion that the pickup was being used in the "business or occupation of the insured." In order to build the bridges it was necessary that Riklin move men between the bridge sites. That movement was as much a part of Riklin's business as anything else done on the job. Salvaggi, while driving the pickup, was engaged in Riklin's business, and since the pickup was furnishing the transportation it was also being used in Riklin's business. When Salvaggi moved himself in the furtherance of Riklin's business, he was then employed or engaged in his own business or occupation, since it was his business to further Riklin's business. To the extent that the pickup facilitated Salvaggi's movement it was used in Salvaggi's business. Although purely private reasons motivated Salvaggi's use of the Bennett pickup instead of the vehicle provided by Riklin, the fact remains that the reason for the move was to further the construction of the bridges, and that was the primary business at that time of both the employer Riklin, and his employee Salvaggi.

■ The court is of the opinion that under the terms of the policy the pickup was not a "private passenger automobile." The policy is not ambiguous. This is contrary to Schilling v. Stockel, 26 Wis. 2d 525, 133 N.W.2d 335 (1965). If the term "private passenger automobile" stood alone, it might be ambiguous in

that it would not be clear whether the term related to the construction of the vehicle or to the use to be made of it. If it related to the former, then it might be ambiguous in not fully describing the types of construction which fall within the scope of the phrase. Here, however, the phrase does not stand alone.

As to construction: Without clarification the term might or might not be deemed to include a station wagon or a jeep, although that problem is solved by express definition here, and it could conceivably be thought to embrace a pickup truck. But when the policy expressly throws the pickup type construction into the definition of a utility vehicle,[2] then there is no room for misunderstanding.

As to use: Again the term "private passenger automobile" standing alone might be deemed to be ambiguous. Certainly under many circumstances a pickup truck is used by its owner as a private passenger automobile,[3] and this might be so even if the pickup were used in a business, as a collector or a census taker might use it. This sort of speculation is foreclosed here by the express language of the policy which, when read as a whole, provides a clear and consistent pattern of coverage.

An "owned automobile" is defined as "a private passenger, farm or utility automobile". The private passenger automobile is insured regardless of the use made of it. The utility automobile is insured, however, only when used for non-business or non-commercial purposes. The farm automobile [4] is not covered when used for business or commercial purposes other than farming. Thus, a utility automobile or a farm automobile while used by its owner for the purpose of collecting bills is not covered. Even with owned automobiles a purpose is evidenced to distinguished types of

2. " 'Utility automobile' means an automobile other than a farm automobile with a load capacity of fifteen hundred pounds or less of the pickup body, sedan delivery or panel truck type not used for business or commercial purposes;"

3. Cf. Fidelity & Casualty Co. of New York v. Martin, 66 F.2d 438 (9 Cir. 1933).

4. " 'Farm automobile' means an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming;"

construction and to limit coverage on the basis of construction and use. The same pattern is repeated with respect to non-owned automobiles. A non-owned private passenger automobile is covered no matter what its use, but a utility automobile, which by express definition includes the pickup, is not covered when used for business purposes.

For these reasons the court concludes that at the time of the accident the Bennett pickup was being used in the business of Salvaggi and Riklin; that it was not a private passenger automobile, and that the Northwestern policy did not afford protection.[5]

The agreed statement, together with the admissions in the pleadings which go to jurisdiction constitute the findings of fact, and this opinion constitutes the conclusions of law.

It is ordered that plaintiff be denied all relief.

---

5. Hercules Casualty Ins. Co. v. Preferred Risk Ins. Co., 337 F.2d 1 (10 Cir. 1964) is in accord.