STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,

v.

Andrew B. DURRETT, Appellee.

No. 17263.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 8, 1971.

Teis & Zachry, and Tom L. Zachry, Fort Worth, for appellant.

Hudson, Keltner, Smith & Cunningham, and H. S. Sparks III, Fort Worth, for appellee.

OPINION

LANGDON, Justice.

This is a suit on an automobile collision insurance policy issued on May 9, 1969, by State Farm Mutual Automobile Insurance Company, appellant (hereinafter referred to as State Farm), to John F. Durrett, Jr., father of Andrew B. Durrett, the appellee.

The insurance policy, a combination liability and collision contract, was effective from · April 22, 1969, to October 22, 1969. It designated John F. Durrett, Jr., as the named insured and listed four vehicles as covered, including one pickup truck and the 1969 Chevrolet owned and operated by the appellee, Andrew B. Durrett. On August 5, 1969, while said policy was in effect, the appellee, Andrew B. Durrett, was involved in a collision while driving a 1969 Ford Ranger ½ ton pickup truck, owned by one, Bill Lawless. The appellee filed suit to recover damages to the pickup truck under the collision provisions of the policy for non-owned private passenger automobiles, designated as "Part III—PHYSICAL DAMAGE". State Farm denied coverage on the basis that the pickup truck driven by Andrew B. Durrett did not constitute a "non-owned private passenger automobile" within the meaning of the policy terms and was, instead, a "utility automobile" as defined by the said policy. The suit was tried before the court without a jury on written stipulation of evidence plus certain oral testimony. On May 18, 1971, the trial court entered judgment for Andrew B. Durrett, appellee, for the sum of $1,548.99, plus interest and court costs. State Farm has perfected this appeal from such judgment.

By its single point of error the appellant, State Farm, contends, "The court erred in concluding as a matter of law in the con-struction of the insurance contract in question that the pickup truck for which damages the appellee sues was afforded coverage as a non-owned automobile under the terms, conditions and definitions of said contract for the reason that said pickup truck falls within the definition of a 'utility automobile' and not that of a 'private passenger automobile'."

We affirm.

The policy provisions contained in "Part III—PHYSICAL DAMAGE", upon which the appellant, State Farm, relies for reversal of the cause are:

"Definitions. The definitions of 'named insured', 'relative', 'temporary substitute automobile', 'private passenger automobile', 'farm automobile', 'utility automobile', 'automobile business', 'war', and 'owned automobile' in Part I apply to Part III, * * *." .

"COVERAGE G—Collision. To pay for loss caused by collision to the owned automobile or to a non-owned automobile but only for the amount of each such loss in excess of the deductible amounts stated in the declarations as applicable hereto. * * *

" 'non-owned automobile' means a private passenger automobile or trailer not owned by * * * the named insured or any relative, other than a temporary substitute automobile, while said automobile or trailer is in the possession or custody of the insured or is being operated by him; * * *."

" 'private passenger automobile' means a four wheel private passenger, station wagon or jeep type automobile;

" 'farm automobile' means an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming;

" 'utility automobile' means an automobile, other than a farm automobile, with a

load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or panel truck type not used for business or commercial purposes; * * *."

State Farm takes the position that under the various provisions of the policy above set forth that the non-owned vehicle operated by the appellee at the time in question was not a "private passenger automobile" under the provisions of the contract and therefore coverage under the policy was not afforded appellee. Appellant says that under the undisputed facts, upon which the trial court based its construction of the contract of insurance, the vehicle in question was a non-owned 1969 Ford Ranger ½ ton pickup truck with a load capacity of fifteen hundred pounds or less, and was not used for business or commercial purposes. These facts, the appellant contends, place the vehicle squarely within the definition of "utility automobile" as distinguished from a "private passenger automobile" as defined in the policy. In support of its position the appellant cites Cotton States Mutual Insurance Company v. Hutto, 115 Ga.App. 164, 154 S.E.2d 375 (1967). In holding that the pickup truck there involved was not covered as a "non-owned automobile" the Georgia Court of Appeals said:

"It is clear that a pickup truck would be either a 'farm automobile' or 'utility automobile' depending, because of the express wording of the definitions, upon the actual use made of the particular truck. And since 'farm' automobiles and 'utility' automobiles are not 'private passenger' automobiles, it necessarily follows that a pickup truck is not a 'private passenger automobile' within the meaning of the contract. Pickup trucks, if covered at all under this 'family combination' policy, are included in the coverage afforded to 'owned automobiles' and must be owned by the policy holder because 'owned automobile' is defined to include 'farm' automobiles and 'utility' automobiles; but pickup trucks are not included in the definition or coverage

afforded to 'non-owned automobiles', with which we deal in this case, since the vehicle was not owned by the insured."

The appellant asserts that there is no ambiguity with regard to any of the policy provisions involved in this case. It cites University Interscholastic League v. Midwestern Univ. et al., 152 Tex. 124, 255 S. W.2d 177 (1953) and Alamo Cas. Co. v. Richardson, 235 S.W.2d 726 (Beaumont, Tex.Civ.App., 1950, ref., n. r. e.) for the propositions respectively, that (1) the intention of the parties to a written instrument is to be determined by its language as a whole and (2) that unless a contract is fairly susceptible of different interpretations, one of which is favorable to the insured, the rule that the contract should be construed in favor of the insured does not come into play and the contract then must be construed as a whole giving to it a construction which will bring all of its several parts into harmony. Appellant argues that the holding in the Cotton States Mutual Insurance Company case, supra, sets forth the only construction that would bring into harmony the various parts of the contract in question.

The appellee, by his counterpoint, says, "The trial court was correct in concluding that the non-owned pickup truck driven by appellee is a 'private passenger automobile' within the meaning of the automobile insurance policy issued by appellant affording collision insurance to appellee while driving non-owned private passenger automobiles for the reason that a pickup truck is a dual purpose motor vehicle which when used as a private passenger automobile, is a private passenger automobile within the meaning of the insurance policy in the absence of an applicable exclusion, and the policy did not exclude appellee from collision insurance coverage while driving non-owned pickup trucks."

Since it is undisputed that the appellee was not the owner of the vehicle he was driving at the time of the collision in ques-

tion he must bring himself within the insurance coverage afforded him by the policy while driving a "non-owned automobile." Part III of the policy in question defines a "non-owned automobile" as, "a private passenger automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile, while said automobile or trailer is in the possession or custody of the insured or is being operated by him; * * *." Part III of the policy incorporates the definition of "private passenger automobile," which appears in Part I of the policy, i. e., "a four wheel private passenger, station wagon or jeep type automobile; * * *."

In applying the above definition to a pickup truck we find that the latter has four (4) wheels, is designed to carry passengers, is a private conveyance rather than a public conveyance and is a dual or multi-purpose automobile in that it will carry passengers and may at the same time be used as a "utility automobile" or a "farm automobile." The pickup is an automobile under the definition above set forth and since it is used to carry passengers it is therefore a passenger automobile. In Cotton States Mutual Insurance Company v. Hutto, 154 S.E.2d 375, supra, relied upon by the appellant, the opinion states that, "the actual use made of the particular truck," is a factor to consider "because of the express wording of the definitions." In the case at bar the pickup was being used as a passenger automobile. The definition of a private passenger automobile contained in the policy here involved includes a "jeep type automobile." This latter term brings to mind the jeep type automobile utilized by deer hunters. It has a bobtail pickup bed behind the seat for passengers which is capable of carrying hunting goods, gear, and game. It is a pickup type automobile. It appears to us that the term "jeep type automobile" would include or mean the same as the term pickup type automobile.

7 Tex.Jur.2d, p. 259, § 17, Automobile Insurance, recites the general rules of construction of automobile insurance policies and the authorities in support of such rules of construction. Some of such authorities are Fidelity and Casualty Company of New York v. Lott, 273 F.2d 500 (5th Cir., 1960); Hale v. Allstate Insurance Company, 345 S.W.2d 346 (Dallas, Tex.Civ.App., 1960, no writ hist.); Royal Indemnity Company v. Marshall, 388 S.W.2d 176 (Tex.Sup., 1965).

Under the rules of construction enunciated by the above authorities it would follow that if the policy in question can reasonably be construed as providing automobile collision insurance coverage to non-owned pickup trucks which are used as private passenger automobiles, or if the policy is ambiguous as to whether or not such coverage is provided, the trial court's judgment should be sustained.

Appellee cites Mutual Benefit Health & Accident Ass'n v. Hudman, 385 S.W.2d 509 (Austin Tex.Civ.App., 1964, reversed on other grounds in 398 S.W.2d 110, Tex. 1965) as the first Texas case to consider the question of whether a pickup truck is a private passenger automobile within the meaning of an insurance policy. In the Hudman case the court held that the pickup truck driven by the insured was a "passenger automobile" within the meaning of the accident insurance policy affording coverage to the insured for accidental bodily injuries sustained while "driving or riding within any private passenger automobile." The trial court made a finding of fact that the pickup truck was used by the deceased and his family as a private passenger automobile and a conclusion of law that the pickup truck was a private passenger automobile within the meaning of the insurance policy. In affirming the decision of the trial court the Court of Civil Appeals declared that a pickup truck is a dual purpose automobile designed and used for carrying passengers and for transporting goods and thus can be a private pas-

senger automobile within the meaning of the policy. See also Johnson v. Home Indemnity Co., 401 S.W.2d 871 (Texarkana, Tex.Civ.App., 1966, writ ref., n. r. e.); Prudential Insurance Co. of America v. Lucas, 456 S.W.2d 429 (Austin, Tex.Civ.App., 1970, ref., n. r. e.) in which the Hudman case, supra, is cited.

In Schilling v. Stockel, 26 Wis.2d 525, 133 N.W.2d 335, 341 (1965) Schilling brought suit for personal injuries suffered when a large bottle rack fell off of the borrowed pickup truck driven by Stockel and struck the plaintiff's arm. State Farm, the same insurance company as is here involved, was a co-defendant with Stockel. It had denied liability insurance coverage to its insured on the basis that the pickup truck driven by Stockel was not a private passenger automobile under the company's liability insurance coverage for non-owned automobiles.

As in the instant case, the automobile insurance policy issued by State Farm provided coverage for the insured while driving a non-owned private passenger automobile and the said policy contained definitions of "private passenger automobile" and "utility automobile" precisely the same as those definitions in our case. The Wisconsin Supreme Court, in approving the memorandum opinion of the trial judge, said:

"We agree with the trial judge that the language employed by State Farm Mutual does not clearly cut off its liability even though it may have intended to do so. The provisions of the policy when read as a whole are not clear or readily understood by a person of average intelligence. An ambiguity exists in the language of the policy. There was a jury issue as to whether the vehicle owned by Mr. Johns was a passenger type automobile. See Poncino v. Sierra Nevada Life & Cas. Co. (1930), 104 Cal.App. 671, 286 P. 729.

"Because of the evidence as to the size, construction, appearance, actual use and customary use in the community, and comparable premium rates, we conclude that the jury could draw the reasonable and permissible inference that the Studebaker pickup was a passenger type automobile. It follows that the plaintiff is entitled to judgment against all the defendants."

The following excerpt from the trial judge's memorandum opinion was quoted and approved by the Wisconsin Supreme Court:

" 'We are not persuaded that it can be held as a matter of law that the Studebaker pickup truck being driven by defendant Stockel at the time of the accident constituted a "private passenger automobile" as that term is defined in State Farm's policy. We are convinced that the inferences which may reasonably be drawn from the meager description of the vehicle contained in the record herein are doubtful and uncertain and should be resolved by a jury.

" 'The definition of a "private passenger automobile" set forth in the insurance contract is vague, ambiguous and uncertain. It states that a private passenger automobile is any one of three types of vehicles, viz:

" '1. It is a station wagon, or

" '2. It is a jeep type automobile, or

" '3. It is a private passenger automobile.

" 'This definition is far from enlightening and certainly not free of ambiguity. The third alternative merely restates the phrase which is being thereby defined. The first two alternatives do not seem applicable to the instant problem, and hence we are left with a definition which states that the term "private passenger automobile" means a private passenger automobile. We therefore apply the rule founded in Meiser v. Aetna Casualty & Surety Co., (1959), 8 Wis.2d 233, 238, 98 N.W.2d 919;

" ' "An insurer may, of course, cut off liability under its policy with a clear lan-

guage, but it cannot do so with that dulled by ambiguity," and the further rule set forth in State Dept. of Pub. Welfare v. Central S. L. Ins. Co. (1963) 19 Wis.2d 426, 433, 120 N.W.2d 687;

" ' "If an insurance company in writing its policy fails so to write a provision as to indicate with reasonable certainty what it means by the provision it has no just cause for complaint that the provision is given a reasonable construction contrary to its contention although its contention may also have reason to support it. In such case we will not do any fine or precise balancing of reasons or splitting of the hairs for the purpose of upholding the company's contention." ' "

See also Detmer v. United Security Insurance Company, 309 S.W.2d 713 (Kansas City, Mo.Ct. of App., 1958). In Detmer the court, in rejecting the defendant's contention that the half-ton Ford pickup was a truck rather than a passenger automobile, held that whether the pickup truck was a "private passenger automobile" within the meaning of the policy was a question of fact and sustained the lower court finding that it was a private passenger automobile within the meaning of the policy. The Missouri Court further stated that evidence as to how the vehicle was being used was material and competent in determining the ultimate issue.

In declaring the rules of construction to be applied in Detmer, the Court cited Smith v. Maryland Casualty Co., 63 N.D. 99, 246 N.W. 451, 452 (1933).

We find and hold that under the definitions contained in the policy in question that the 1969 Ford Ranger ½ ton pickup truck was a dual purpose motor vehicle designed both for carrying passengers and for transporting goods and was being used as a private passenger automobile and therefore falls within the policy definition of a private passenger automobile. We further find and hold that the policy in question contains no exclusion which would be applicable to the facts of this case.

The point of error is overruled and the judgment of the trial court is affirmed.