NORMAN G. HALL, Plaintiff-Appellant, *v.* GAMBLE ALDEN LIFE INSURANCE COMPANY, Defendant-Appellee.

(No. 75-289; ▮▮▮▮▮▮▮▮

Fifth District—December 23, 1975.

Robert L. Douglas, of Robinson, for appellant.

Mark R. Weber, of Cox, Phillips, Weber & Weber, of Robinson, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff-appellant, Norman G. Hall, brought suit for declaratory judgment alleging that health and accident insurance provided by a policy of insurance issued to him by the defendant-appellee, Gamble Alden Life Insurance Company, afforded benefits because of injuries he received in a motor vehicle accident. The Circuit Court of Crawford County granted defendant's motion to dismiss the complaint and plaintiff appeals.

Since this appeal arose from a motion to dismiss, the facts pleaded by the complaint are taken as true in determining the sufficiency of the complaint. The complaint alleged the following:

Appellant is the insured under a health and accident policy issued by the defendant on February 22, 1972. He was injured in an automobile accident on January 22, 1974, while the policy was in force. At the time of the accident, plaintiff was operating a half-ton pickup truck as a private passenger automobile. The health and accident policy, on its third

page, in clear print and under the bold-faced caption of "ACCIDENTS COVERED" states the following:

## "AUTOMOBILE ACCIDENTS

Any accident occurring while the Insured is actually riding in or driving any private passenger automobile. As used in this policy, automobile means a land vehicle of the type commonly and ordinarily known and referred to as an 'automobile,' and a private passenger automobile means a private automobile of the private passenger design designed primarily for transporting persons."

The sole issue presented on this appeal is whether a half-ton pickup truck used as a private passenger vehicle is a "private passenger automobile" under the instant insurance contract, or, stated otherwise, whether the insured's use of the vehicle is relevant to or determinative of the classification of a vehicle as an automobile covered by the policy.

At the outset it is appropriate to note what is not presented in this appeal. Plaintiff does not argue that he reasonably expected that a half-ton pickup was a private passenger automobile; or that the insurer waived or should be estopped from claiming that a half-ton pickup truck is not a private passenger automobile, or that the definition of "private passenger automobile" is ambiguous in any respect. The only argument advanced by plaintiff is that a half-ton pickup truck is an "automobile" within the coverage provisions of the policy when used for private transportation purposes.

■■ This court has rejected the view that the insured's use of a pickup truck is relevant in determining whether the vehicle is an "automobile" under a health and accident insurance policy. (*Spence v. Washington National Insurance Co.*, 320 Ill.App. 149, 50 N.E.2d 128 (1943).) Plaintiff urges us to abandon the *Spence* decision and adopt what he urges is the better rule, *i.e.*, that the insured's use of a vehicle determines whether it is an "automobile" under this insurance policy. He cites *Aetna Life Insurance Co. v. Bidwell*, 192 Tenn. 627, 241 S.W.2d 595 (1951); and *Detmer v. United Security Insurance Co.*, 309 S.W.2d 713 (Mo.App. 1958), as supportive of his contention. However, in *Bidwell*, the court held that where the policy explicitly excluded motorcycles and aircraft, its provisions that coverage was limited to accidents where the insured was killed "while riding in a private passenger automobile of the pleasure car type" without any further definition was ambiguous. The court also ruled that evidence of the general usage of pickup trucks in Tennessee was relevant in determining whether a pickup truck was a "private passenger automobile of the pleasure car type." Similarly in *Detmer*, the insurance policy did not define "private passenger automobile" and the court held that how the vehicle (a half-ton pickup truck) was commonly

used and how it was being used were competent and material matters in determining whether a half-ton pickup truck was a "private passenger automobile." Thus *Bidwell* and *Detmer*, stand merely for the proposition that where the contract of insurance does not define "automobile," the common usage and the insured's use of a pickup truck is relevant. Accord, *Laraway v. Heart of America Life Insurance Co.*, 153 W.Va. 70, 167 S.E.2d 749 (1969).

■■ Other courts have held that the insured's use of a pickup truck as a private passenger automobile is immaterial where the insurance policy defines "private passenger automobile" in terms of the manufacturer's design. (*Tuttle v. Gamble Alden Life Insurance Co.*, 385 F.Supp. 1352 (N.D. Tex. 1974); *English v. Old American Insurance Co.*, 426 S.W.2d 33 (Mo. 1968).) A similar result was reached in *Laraway v. Heart of America Insurance Co.*, although there the court also noted that the pickup truck in question was being used for business, not private, purposes and had a "stake body" which indicated its purpose was to transport property rather than persons. The *Tuttle, English and Laraway* courts were presented with contract language identical or substantially the same as that contained in the instant policy. They all held that this language was unambiguous, and that the policy's definition of "automobile" in terms of the manufacturer's design was controlling. This is consistent with the general rule in this State that unambiguous language in an insurance contract will be given its plain and ordinary meaning. (*Weiss v. Bituminous Casualty Corp.*, 59 Ill.2d 165, 319 N.E.2d 491 (1974); *Tuthill v. State Farm Insurance Co.*, 19 Ill.App.3d 491, 311 N.E.2d 770 (1974).) Therefore we decline to retreat from our decision in *Spence* as applied to the instant case and hold that where an insurance policy unambiguously defines "automobile" in terms of the manufacturer's primary design, evidence of the general and common usage and of the insured's use of a pickup truck is immaterial. We believe that a rule which would allow policy coverage to be determined on a case-by-case basis in derogation of a coverage definition in the policy where no ambiguity exists in that definition should not be adopted.

Plaintiff alleged that he was driving a pickup truck at the time of the accident in which he was injured. The complaint does not state in the language of the policy that a pickup truck is a "* * * land vehicle of the type commonly and ordinarily known and referred to as an 'automobile,' and private passenger automobile means a private automobile of the private passenger design designed primarily for transporting persons." Since the plaintiff's use of the pickup as a private passenger automobile is immaterial and plaintiff failed to allege other facts which would bring him within the policy's coverage, he stated no facts which would

entitle him to relief and thus the complaint was properly dismissed. *Preferred Risk Mutual Insurance Co. v. Hites*, 125 Ill.App.2d 144, 149-150, 259 N.E.2d 815, 818 (1970).

For the foregoing reasons, the judgment of the Circuit Court of Crawford County is affirmed.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.