OHIO CASUALTY INSURANCE COMPANY, Plaintiff-Appellee, *v.* BEN C. TYLER *et al.*, Defendants-Appellants.

Second District   No. 79-549

Opinion filed June 20, 1980.

Loren L. Heuertz, of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellants.

Wiley W. Edmondson, of Brady, McQueen, Martin, Callahan and Collins, of Elgin, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, John Barry, appeals from a declaratory judgment of the circuit court of Kane County entered after a bench trial in favor of plaintiff, Ohio Casualty Insurance Company, a corporation, and against Kathy Barry and John Barry. A default judgment had been entered against defendant Ben Tyler.

On October 22, 1977, Ben Tyler, while operating a 1977 Ford pickup owned by Jes Smith, was involved in a collision with a vehicle driven by John Barry in which Kathy Barry was a passenger. John and Kathy Barry

filed personal injury actions against Ben Tyler and Jes Smith. Ben Tyler claimed insurance coverage as a relative and member of the household of the named insured, his father, under the policy in question issued by Ohio Casualty. Under the terms of the policy, Ben Tyler was provided with coverage while driving a nonowned automobile, only if such nonowned vehicle was a private passenger automobile or trailer. Demands were made upon Ohio Casualty to defend Ben Tyler and pay any judgment or settlement in excess of the $10,000 coverage provided by Smith's insurer. This declaratory judgment action followed.

On appeal, defendant Barry contends that the trial court erred in concluding that, under the terms of the insurance policy, the 1977 Ford pickup was excluded from coverage and that the court also erred in refusing defendant's offer of proof. The principal issue is whether the 1977 one-half ton pickup, which Ben Tyler was operating at the time of the accident, was covered by the Ohio Casualty policy.

The policy in question provides liability coverage for two classes of automobiles: "owned" and "non-owned." An "owned" automobile includes private passenger, farm or utility automobiles and trailers. Coverage, with respect to an "owned" automobile, includes the named insured and any resident of his household. A "non-owned" automobile includes automobiles and trailers which are not owned by or furnished for the regular use of either the named insured or any relative. Coverage, with respect to a "non-owned" automobile, includes the named insured while operating automobiles and trailers and is extended to include relatives who are residents of the named insured's household but only for private passenger type automobiles and trailers.

The policy defines "utility automobile" as an automobile, other than a farm automobile, with a load capacity of 1500 pounds or less of the pickup body, sedan delivery or panel truck type not used for business or commercial purposes. The policy defines a "private passenger automobile" as a four wheel private passenger, station wagon, or jeep type automobile.

The 1977 Ford pickup was operated by Ben Tyler, a relative and member of the same household of the named insured, but was a "non-owned" vehicle by the foregoing policy terms. Thus, Ben Tyler would be entitled to coverage under the policy only if the pickup fell within the meaning of a "private passenger automobile."

The trial court, after an examination of the policy, found that the policy was not ambiguous and that, under its terms, Ben Tyler was not covered.

Defendant contends that the phrase "private passenger automobile" is ambiguous, that it was relevant for him to show that the pickup truck in question was customarily used for pleasure purposes at the time of the

collision and that extrinsic evidence should have been admitted to show the similarity of the pickup, in appearance and construction, to a jeep-type automobile. Accordingly, defendant has cited a number of cases in which several courts have found, after a consideration of the policy definition of "private passenger automobile" and the use, size, construction, and appearance of the vehicle in question at the time of the accident, that a pickup truck was a private passenger automobile. (See, e.g., *Von Uwa v. Wyble* (La. App. 1974), 300 So. 2d 571, 575; *Riker v. Aetna Casualty & Surety Co.* (La. App. 1973), 286 So. 2d 493, 495; *Hartford Accident & Indemnity Corp. v. Lowery* (Tex. Civ. App. 1973), 490 S.W. 2d 935, 939-40; *State Farm Automobile Insurance Co. v. Durrett* (Tex. Civ. App. 1971), 472 S.W.2d 214, 218; *Schilling v. Stockel* (1965), 26 Wis. 2d 525, 133 N.W.2d 335, 341.) Defendant has likewise cited Texas authority for the proposition that a pickup is included under the term "jeep type automobile" because of the dual purpose for which it is designed and used, *i.e.*, carrying passengers and transporting goods. (*Durrett*, 472 S.W.2d 214, 219; *Lowery*, 490 S.W.2d 935, 939.) We have carefully considered these cases and find they are either distinguishable from the case before us or that we disagree with them; therefore, we choose not to follow their holdings.

While it is basic in insurance law that any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer (*Bituminous Casualty Corp. v. Chicago, Rock Island & Pacific R.R. Co.* (1972), 8 Ill. App. 3d 172, 175), this in no way alters the principle that insurance policies are contracts and the general rule of construction which apply to other contracts also apply to insurance policies. (*Rogers v. Robson, Masters, Ryan, Brumund and Belom* (1979), 74 Ill. App. 3d 467, 470, *aff'd* (Docket No. 52548, May Term 1980).) Where the language of the policy is clear and unambiguous, it must be taken in its plain, ordinary and popular sense (*Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill. App. 3d 115, 121; see *Johnson v. State Farm Mutual Automobile Insurance Co.* (1979), 78 Ill. App. 3d 144, 145; *Body v. United Insurance Co.* (1979), 72 Ill. App. 3d 594, 596), and the intent of the parties must be determined solely from the language used (*Johnson v. State Farm Mutual Automobile Insurance Co.* (1979), 78 Ill. App. 3d 144, 145). Whether an ambiguity exists in the policy is a question of law to be determined by the court. (*Nerone v. Boehler* (1976), 34 Ill. App. 3d 888, 891.) Accordingly, we are required to examine the entire policy in question and to interpret its pertinent parts in light of the whole document, in order to determine whether there exists any ambiguity or uncertainty in the language at issue. *Lang v. Monarch Life Insurance Co.* (1979), 75 Ill. App. 3d 938, 942, citing *Weiss v. Bituminous Casualty Corp.* (1974), 59 Ill. 2d 165, 171.

■■ We find there to be no ambiguity or uncertainty in the language of the policy in question. When the policy is considered as a whole, the conclusion is demanded that the 1977 Ford pickup is not a "private passenger automobile" within the meaning of the policy. (*Cotton States Mutual Insurance Co. v. Hutto* (1967), 115 Ga. App. 164, 154 S.E.2d 375, 376.) The policy defines "private passenger automobile" as a "four wheel private passenger, station wagon, or jeep type automobile." Even if the phrase "private passenger automobile" stood alone, the plain and ordinary meaning of these words would exclude a pickup truck. (*Concord General Mutual Insurance Co. v. Hills* (S.D. Me. 1972), 345 F. Supp. 1090, 1096; see *Hartford Accident & Indemnity Co. v. Western Fire Insurance Co.* (E.D. Ky. 1961), 196 F. Supp. 419, 423; *Schmude v. Hansen* (1965), 28 Wis. 2d 326, 137 N.W.2d 61, 63. *Contra, Riker v. Aetna Casualty & Surety Co.* (La. App. 1973), 286 So. 2d 493, 495.) In the present policy, however, the phrase does not stand alone. The policy expressly defines the term "utility automobile" to mean "an automobile * * * with a load capacity of fifteen hundred pounds or less *of the pickup body,* * * * not used for business or commercial purposes." (Emphasis added.) The one-half-ton pickup truck Ben Tyler was operating at the time of the accident clearly comes within this definition and was a utility automobile. If Ben Tyler had been the named insured, he would have been covered, because the policy does not limit the coverage of the named insured, while operating non-owned automobiles, to private passenger automobiles or trailers as it does to Ben Tyler as a relative. Similarly, if this 1977 one-half-ton pickup had been an "owned automobile" under the terms of the policy, coverage would have been extended to Ben Tyler as a relative who is a member of the insured's household since "owned automobile" specifically includes a utility automobile. It is clear, therefore, that when the policy by its terms specifically and expressly places the pickup type vehicle into the definition of a "utility automobile," there is no room for any misunderstanding that it may also fall within the definition "private passenger" or "jeep type automobile." (See *Home Indemnity Co. v. Northwestern National Insurance Co.* (D. Mont. 1968), 280 F. Supp. 446, 448.) It is evident that, read as a whole, the categories of private passenger automobile and utility automobile were intended to be separate and distinct. (See *Cotton States Mutual Insurance Co. v. Hutto* (1967), 115 Ga. App. 164, 154 S.E.2d 375, 377.) An elementary principle of contract law provides that, in a contract in which there are general and specific provisions relating to the same subject, the specific provision is controlling. (*Faith v. Martoccio* (1974), 21 Ill. App. 3d 999, 1003.) Under this principle, the definition of utility automobile, being more specific, is controlling.

The trial court correctly found that the policy in question was not

ambiguous and that, under its plain meaning, coverage was not afforded Ben Tyler while operating the 1977 Ford pickup truck.

■■ Having found no ambiguity, the trial court was also correct in refusing defendant's offer of proof which included extrinsic evidence pertaining to the use of the vehicle. When an insurance policy unambiguously defines classes of automobiles, the use of the vehicle is immaterial. (*Hall v. Gamble Alden Life Insurance Co.* (1975), 34 Ill. App. 3d 837, 838-39.) To hold otherwise would necessarily require that the question of policy coverage be determined on a case-by-case basis. We agree with and adhere to the court's statement in *Hall v. Gamble Alden Life Insurance Co.*:

> "We believe that a rule which would allow policy coverage to be determined on a case-by-case basis in derogation of a coverage definition in the policy where no ambiguity exists in that definition should not be adopted." 34 Ill. App. 3d 837, 839.

We affirm the judgment of the circuit court for the Sixteenth Judicial Circuit, Kane County.

Affirmed.

SEIDENFELD, P. J., and WOODWARD, J., concur.