JERALD JOHNSEN, APPELLANT, V. ROBERT HARPER, APPELLEE,
BATTLE CREEK MUTUAL INSURANCE COMPANY,
GARNISHEE-APPELLEE.
328 N.W.2d 192

Filed December 23, 1982. No. 44501.

John R. Thomas and Roger W. Wells of McGrath, North, O'Malley & Kratz, P.C., for appellant.

Jewell, Otte, Gatz, Collins & Domina, for appellee Battle Creek.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

This was an action in garnishment to determine the liability of Battle Creek Mutual Insurance Company to the garnisher, Jerald Johnsen, under a certain policy of automobile liability insurance. Johnsen has appealed from an order sustaining Battle Creek's motion for summary judgment, the effect of which was to determine that no coverage existed under the policy of insurance as to this particular incident. The garnishment action was ordered dismissed.

On May 11, 1978, Johnsen was a passenger on a motorcycle and suffered injuries when the motorcycle was struck by a pickup truck being operated by Robert Harper. The pickup truck was owned by Collins Millwork and was used as a business vehicle, although at the time of the accident Harper was not using it in the course of any employment by Collins. At the time of the accident, Battle Creek had issued a policy of automobile liability insurance to the parents of Robert Harper which did not list the pickup truck as a covered vehicle. The policy did provide coverage to any relative of the named insured with respect to the use of a nonowned automobile "but only with respect to a *private passenger automobile* or trailer . . . ." (Emphasis supplied.) The policy goes on to define a *private passenger automobile* as "a four wheel *private passenger,* station wagon or jeep type *automobile.*" (Emphasis supplied.) The policy defines a utility vehicle as "an automobile, other than a farm automobile, with a capacity of fifteen hundred pounds or less of the pick-up body . . . type . . . ."

As is quite apparent, there was no coverage and no liability on the part of Battle Creek if the pickup truck being driven by Harper at the time of the accident was not a *private passenger automobile.* Both Battle Creek and Johnsen filed motions for summary judgment, Battle Creek contending that there was no issue as to any material fact, and Johnsen

reciting that he was entitled to judgment on the pleadings as a matter of law. However, Johnsen now contends that the trial court erred either in failing to construe the language of the policy as clearly favoring the appellant's position that the vehicle was covered by the policy, or that it should have found the language ambiguous, in which event this court should remand the case for further proceedings.

Although, as suggested in *County of Douglas v. OEA Senior Citizens, Inc.,* 172 Neb. 696, 111 N.W.2d 719 (1961), there is a tacit agreement that the facts are not in dispute in a case where both parties, on the basis of the same record, have moved for summary judgment in their favor, we believe that the record adequately demonstrates that there was no genuine issue of fact.

Contracts of insurance, like other contracts, are to be construed according to the meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms will be taken and understood in plain, ordinary, and popular sense. *Rodriguez v. Government Employees Ins. Co.,* 210 Neb. 195, 313 N.W.2d 642 (1981).

The term "private passenger automobile" is clear and unambiguous and it does not include a pickup truck. "The policy defines 'private passenger automobile' as a 'four wheel private passenger, station wagon, or jeep type automobile.' Even if the phrase 'private passenger automobile' stood alone, the plain and ordinary meaning of these words would exclude a pickup truck. . . . In the present policy, however, the phrase does not stand alone. The policy expressly defines the term 'utility automobile' to mean 'an automobile * * * with a load capacity of fifteen hundred pounds or less *of the pickup body,* * * * not used for business or commercial purposes.' " *Ohio Casualty Insurance Co. v. Tyler,* 85 Ill. App. 3d 410, 413, 407 N.E.2d 77, 79 (1980). See, also, *Hercules Casualty Ins. Co. v. Preferred Risk Ins. Co.,* 337 F.2d 1 (10th Cir. 1964); *Cotton States Mut. Ins. Co. v.*

*Hutto,* 115 Ga. App. 164, 154 S.E.2d 375 (1967).

We have examined the cases of *State Farm Mutual Automobile Ins. Co. v. Durrett,* 472 S.W.2d 214 (Tex. Civ. App. 1971); *Riker v. Aetna Casualty & Surety Company,* 286 So. 2d 493 (La. App. 1973); *Schilling v. Stockel,* 26 Wis. 2d 525, 133 N.W.2d 335 (1965); and *Detmer v. United Security Insurance Company,* 309 S.W.2d 713 (Mo. App. 1958), cited by appellant Johnsen. They found the term "private passenger automobile" to be ambiguous and construed the contract against the insurance company. We reject such a conclusion under the facts of this case.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.