CORONET INSURANCE COMPANY, Plaintiff-Appellant, v. ANGEL SAEZ, Defendant-Appellee.

First District (4th Division)   No. 86—0441

Opinion filed December 31, 1986.—Rehearing denied February 4, 1987.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellant.

John W. Lally, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, the Coronet Insurance Company, issued to defendant, Angel Saez, a policy of uninsured-motorist insurance. After a collision with an uninsured motorist, defendant made a demand for arbitration with plaintiff, pursuant to the policy. Plaintiff then brought a declaratory judgment action against defendant in the circuit court of Cook County. Plaintiff sought a declaration that it was not obligated to arbitrate defendant's uninsured-motorist claim and to provide defendant with further uninsured-motorist coverage. The trial court granted defendant's motion for judgment on the pleadings, ordering plaintiff to arbitrate with defendant and to continue providing defendant with uninsured-motorist coverage.

Plaintiff now appeals, contending that (1) defendant waived the statutory requirement of establishing "good cause" when he brought an action against the uninsured motorist at its request; (2) section 143a(7) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a(7)) and its insurance policy required defendant to bring an action against the uninsured motorist to protect its right of subrogation; (3) it was not obligated to pay for prosecution of defendant's action against the uninsured motorist; and (4) defendant is barred from bringing an action against it for uninsured-motorist coverage, because he breached various provisions in the policy.

We affirm.

The pleadings alleged that plaintiff issued an automobile liability policy to Felipe Saez. This policy included coverage for an insured's injuries sustained as a result of the negligence of an uninsured motorist. On or about February 24, 1984, defendant, an insured under the policy, had an accident with an uninsured motorist. Defendant then filed an uninsured-motorist claim against plaintiff with a demand for arbitration and brought an action in the trial court against the uninsured motorist, at plaintiff's request.

Defendant's attorney, however, would continue prosecuting defendant's action against the uninsured motorist only if plaintiff would pay his fee. Defendant's attorney, alternately, offered to allow plaintiff to hire its own attorney to represent defendant. Plaintiff refused to either pay defendant's attorney or hire its own attorney to represent defendant. Defendant then abandoned his action against the uninsured motorist, which the trial court dismissed for want of prosecution.

Plaintiff then filed the present action under section 2—701 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—701). Plaintiff sought a declaration that it was not obligated to arbitrate defendant's uninsured-motorist claim and to provide further uninsured-motorist coverage to defendant, alleging that defendant breached various provisions of the policy. Defendant's answer and counterclaim admitted plaintiff's factual allegations, but maintained and sought a declaration that plaintiff was obligated to arbitrate his uninsured-motorist claim and to continue to provide him with uninsured-motorist coverage.

Both parties moved for judgment on the pleadings, which the trial court granted for defendant on January 1, 1986. The trial court ruled that defendant's duties under the insurance policy did not begin until plaintiff made a payment to defendant. The court noted that plaintiff had not given defendant any money. The court concluded, therefore,

that defendant owed no duties to plaintiff. The court ordered plaintiff to arbitrate with defendant and to continue to provide him with uninsured-motorist coverage. The court then dismissed plaintiff's counterclaim as moot. Plaintiff appeals.

■ A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled to the relief sought by his complaint or, alternately, whether defendant by his answer has set up a defense which would entitle him to a hearing on the merits. The motion must be denied if there is any material issue of fact; furthermore, the motion admits the truth of the facts well pleaded by the opposite party. In addition, the moving party admits the untruth of his own controverted allegations. (*Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 3, 418 N.E.2d 44, 45-46.) In the instant case, both parties agreed on the material facts before the trial court and continue to do so. The only issue before the trial court was whether plaintiff or defendant was entitled by the pleadings to the relief that each sought. Judgment on the pleadings was, therefore, proper.

Plaintiff contends that it is not obligated to arbitrate defendant's claim and to continue to provide uninsured-motorist coverage to defendant because defendant did not comply with various provisions of the insurance policy. The section of the policy that provides for uninsured-motorist coverage states in pertinent part:

"PART IV—FAMILY PROTECTION
* * *

*Trust Agreement.* In the event of payment to any person under this Part:

(a) The company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this Part;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or

organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorney's fees incurred by it in connection therewith;

    (e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision."

Plaintiff contends that defendant breached his duty under the trust-agreement section of the policy by refusing to prosecute his action against the uninsured motorist. The trial court focused its attention to the first phrase of the trust agreement, which reads: "In the event of payment to any person under this Part ***." Noting that plaintiff did not allege making any payment to defendant, the trial court ruled that plaintiff had not come under the terms of the trust agreement and had not placed defendant under those terms. The trial court, therefore, ruled that plaintiff could not use the trust agreement to avoid its contractual duty to arbitrate defendant's claim.

    ■ A court will resolve any ambiguity or uncertainty in an insurance policy against the insurer; however, this does not alter the principle that insurance policies are contracts and the general rules of construction that apply to other contracts also apply to insurance policies. Whether an ambiguity exists in the policy is a question of law for the court to determine. Where the language of the policy is clear and unambiguous, the court must take it in its plain, ordinary, and popular sense, and the court must determine the intent of the parties solely from the language used. Accordingly, we must examine the entire policy in the present case and interpret its pertinent parts in light of the whole document to determine whether there exists any ambiguity or uncertainty in the language at issue. *Ohio Casualty Insurance Co. v. Tyler* (1980), 85 Ill. App. 3d 410, 412, 407 N.E.2d 77, 79.

    Plaintiff contends that the trial court erroneously focused on the first phrase of the trust agreement and not the agreement as a whole. Citing subsections (a) through (e) of the trust agreement and other sections of the policy, plaintiff contends that the agreement, as a whole, required defendant to protect its rights the moment that the uninsured motorist injured him. According to plaintiff, the trust agreement required defendant to prosecute an action against the uninsured motorist until defendant and plaintiff resolved defendant's claim for uninsured-motorist coverage. Plaintiff would then continue defendant's action under the doctrine of subrogation.

    ■ We find no ambiguity or uncertainty in the language of the

policy. The trust agreement expressly provides that its provisions apply only "[i]n the event of payment to any person under this [p]art." A condition precedent is a condition that a contracting party must perform before the contract becomes effective or that one party to an existing contract must perform before the other party is obligated to perform. (*John J. Calnan Co. v. Talsma Builders, Inc.* (1979), 77 Ill. App. 3d 221, 225, 395 N.E.2d 1076, 1080.) Where a contracting party has the condition precedent in his or her favor, he or she is not liable to an action until the other contracting party has performed. 77 Ill. App. 3d 221, 225, 395 N.E.2d 1076, quoting *Eldridge v. Rowe* (1845), 7 Ill. 91, 96.

■ The first phrase of the trust agreement is a condition precedent to the obligations listed in the remainder of the agreement. Plaintiff's interpretation of the trust agreement ignores this language entirely. The parties to an insurance contract are free to incorporate such provisions into it, if not unlawful, as they see fit and it is then the duty of the court to enforce those provisions. The well-known rule that all ambiguities in an insurance policy will be construed most strongly against the insurance company, as the party that drafted the policy, only has application where an ambiguity in fact exists and a court may not distort the contract to create the ambiguity itself. *Nationwide Insurance Co. v. Ervin* (1967), 87 Ill. App. 2d 432, 435, 231 N.E.2d 112, 114, cited in *Coronet Insurance Co. v. Ferrill* (1985), 134 Ill. App. 3d 483, 485, 481 N.E.2d 43, 45.

■ We hold that the trial court correctly found that under the plain meaning of the insurance policy, plaintiff had not met the condition precedent of the trust agreement and, thus, had not placed defendant under its terms. Consequently, the trial court correctly ruled that plaintiff could not use the trust agreement to avoid its duty under the policy to arbitrate defendant's claim against it. Due to our disposition of this cause, we do not reach plaintiff's arguments on the interpretation of section 143a(7) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a(7)).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI and McMORROW, JJ., concur.