72987. SANDERS et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY et al.
(355 SE2d 705)

POPE, Judge.

Larry Glenn Carter was driving a 1983 pickup truck at the time he was involved in an accident in which his passenger, Wayne Sanders, sustained personal injuries. At the time of the accident, Carter

was 17½-years-old. A few months previously, he had moved from his mother's residence to that of his father in order to be closer to work. Although Carter intended to move back into his mother's residence after he had worked for a certain period of time, he became engaged to be married. At the time of his engagement, he did not intend to return to his mother's house to live. Carter's mother and father had obtained a divorce several years earlier, and his mother had been awarded legal custody of him.

The pickup truck which Carter drove at the time of the accident was titled in the name of his fiancee's father, although Carter had made the down payment as well as one other payment which had become due. Carter testified that the agreement with his prospective father-in-law was that the title would be turned over to Carter at the time that he became eighteen years of age. The pickup truck was insured by Grange Mutual Insurance Company, which honored the accident loss and paid the claim. However, both Carter and Sanders, appellants herein, claim that the insurance policy carried by Carter's mother, issued by Georgia Farm Bureau Mutual Insurance Company, as well as the insurance policy carried by Carter's father, issued by Southern Guaranty Insurance Company, cover the accident. At the trial level, both Georgia Farm and Southern Guaranty, appellees herein, filed a complaint for declaratory relief. Subsequently, both appellants and appellees filed motions for summary judgment. Carter and Sanders appeal the entry of summary judgment in favor of Georgia Farm and Southern Guaranty.

1. The trial court did not err in granting summary judgment to Georgia Farm on the basis that Carter was not a "resident" within the meaning of that policy. The Georgia Farm policy extended coverage to a "relative" of the named insured. "Relative" is defined as "a relative of the named insured who is a resident of the same household. . . ." The trial court held: "It is beyond doubt that after his engagement . . . Carter intended to live exclusively with his father. This intent to live in his father's house, even if only for the time being, was sufficient to establish his residence there. *Smiley v. Davenport*, 139 Ga. App. 753, 756 [(229 SE2d 489)] (1976). Given that Carter no longer intended to move back to his mother's house, and the diminished frequency of his weekend visits following his engagement, he could no longer be considered a resident of her household. The term 'resident' is generally understood to mean more than mere physical presence and the transient visit of a person for a time does not make that person a resident. Id."

2. As to the trial court's granting summary judgment to Southern Guaranty, the court held: "The pertinent policy provisions contained in the automobile liability policy issued by Southern Guaranty to [Carter's father] are summarized below: 'Part I — Liability. . . . Per-

sons Insured: The following are insureds under Part 1: . . . (b) with respect to a non-owned automobile, (1) the named insured, (2) any relative, *but only with respect to a private passenger automobile or trailer. . . .*' (Emphasis supplied.) Therefore, the only non-owned automobiles covered while being operated by a relative are those which meet the policy's definition of 'private passenger automobile' or 'trailer.' Those definitions, as they appear in the policy, are . . . : 'private passenger automobile' means a four wheel private passenger, station wagon or jeep type automobile; . . . 'trailer' means a trailer designed for use with a private passenger automobile . . . The 1983 Ford Ranger pick-up truck obviously does not meet the definition of a 'trailer.' Does it qualify as a 'private passenger automobile'? This Court is compelled by the decision in *Cotton States Mutual Insurance Co. v. Hutto*, 115 Ga. App. 164 [(154 SE2d 375)] (1967) to rule that a pick-up truck does not come within the meaning of the term 'private passenger vehicle' as defined in the policy. Although this Court recognizes that in modern usage the pick-up truck is frequently used as a family transportation vehicle and was in fact being used for that purpose at the time of the accident, the appellate courts have not overturned the above-cited decision and consequently, this Court is bound thereby. See generally 11 ALR 4th 475."

Other jurisdictions share the trial court's recognition of the modern trend toward usage of the pickup truck for family transportation purposes. Those jurisdictions have declined to hold that the phrase "four wheel private passenger, station wagon or jeep type automobile" excludes a pickup truck as a matter of law. "In general, the older cases tend to find a pickup truck not to be a private passenger automobile, while more recent cases find that it may be. Modern-day usage of vehicles has changed some of our former concepts. Pickup-body-type automobiles are used as family vehicles affording family passenger transportation by some families. Obviously, a pickup-body-type automobile also can be used as a truck for transportation of property. However, most private passenger automobiles contain a trunk which can be used for the same purpose, although its capacity may be less. Likewise, a station wagon which is clearly within the definition of private passenger automobile may often be used solely for transporting property, rather than persons." *National Mut. Ins. Co. v. Reiser*, 472 NE2d 375, 379 (Ohio App. 1984). "Certainly, pickup trucks are used as private passenger automobiles by a growing number of people. Most citizens would be surprised to learn that their insurance policies intend a distinction between their use of a neighbor's car and his pickup. For this reason, we feel that if pickup trucks are to be excluded from the description of private passenger automobiles, this exclusion should be specific and easily understood by the general public. The words 'private passenger automobile' are used in

[the insurance] policy as essentially self-defining and do not exclude [the] pickup. Examining the words as generally used and understood, there can be little dispute about the first two: the pickup was private in that it was owned by an individual and not used as a common carrier; a pickup can be used to carry passengers and this one was so used at the time of [the] accident. The word 'automobile' is the only word in [the insurance] policy that can possibly be construed to exclude a pickup. Yet, Webster's Third New International Dictionary . . . defines 'automobile' as follows: 'a usu. 4-wheeled automotive vehicle designed for passenger transportation on streets and roadways and commonly propelled by an internal combustion engine using a volatile fuel (as gasoline)-'. It does not require the benefit of strict construction in favor of the insured and against the insurer to hold that the above definition includes a pickup." (Indention omitted.) *Riker v. Aetna Cas. &c. Co.*, 286 S2d 493, 495 (La. App. 1973).

Like the policy in *Cotton States Mut. Ins. Co. v. Hutto*, supra, Southern Guaranty's insurance policy defines "private passenger automobile" as "a four wheel private passenger, station wagon or jeep type automobile"; "farm automobile" as "an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming"; and "utility automobile" as "an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pickup-body, sedan, delivery or panel truck type not used for business or commercial purposes." In considering identical contractual definitions the Court of Civil Appeals of Texas specifically declined to follow the holding in *Cotton States* that these definitions exclude a non-owned pickup truck from coverage as a "private passenger automobile" as a matter of law. However, in reasoning that the contractual language should be interpreted to include a pickup truck, the Texas court utilized language from *Cotton States* to hold that usage should be a factor in the court's determination. "In applying the above definition to a pickup truck we find that the latter has four (4) wheels, is designed to carry passengers, is a private conveyance rather than a public conveyance and is a dual or multi-purpose automobile in that it will carry passengers and may at the same time be used as a 'utility automobile' or a 'farm automobile.' The pickup is an automobile under the definition above set forth and since it is used to carry passengers it is therefore a passenger automobile. In *Cotton States Mutual Insurance Company v. Hutto*, . . . supra, . . . the opinion states that 'the actual use made of the particular truck' is a factor to consider 'because of the express wording of the definitions.'" *State Farm Mut. Auto. Ins. Co. v. Durrett*, 472 SW2d 214, 217 (Tex. Civ. App. 1971). The Texas court concluded "that under the definitions contained in the policy . . . the . . . pickup truck was a dual purpose motor vehicle designed

both for carrying passengers and for transporting goods and was being used as a private passenger automobile and therefore falls within the policy definition of a private passenger automobile." Id. at 219; accord *Hartford Acc. &c. Corp. v. Lowery*, 490 SW2d 935 (Tex. Civ. App. 1973).

In construing an insurance policy "the language used must be afforded its literal meaning and plain ordinary words must be given their usual significance." *Georgia Farm Bureau Mut. Ins. Co. v. Ray*, 148 Ga. App. 85, 86 (251 SE2d 34) (1978). Further, "[t]he test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney." *Nationwide Mut. Fire Ins. Co. v. Collins*, 136 Ga. App. 671, 675 (222 SE2d 828) (1975). We find that the "usual significance" of the words "private passenger automobile" has changed in accordance with the growing utilization of the pickup truck as a dual or multi-purpose vehicle. The term no longer necessarily excludes from its usual meaning a pickup truck utilized as a private passenger automobile. We agree with the Court of Appeals of Louisiana that the modern layman would be surprised to learn that his insurance policy did not extend coverage to a pickup truck utilized as a passenger automobile. *Riker v. Aetna Cas. &c. Co.*, supra. Therefore, the definitions sub judice are ambiguous and no longer susceptible simply to one meaning in their application. See generally *Village Enterprises v. Ga. R. Bank & Trust Co.*, 117 Ga. App. 773 (1) (161 SE2d 901) (1968). In view of this, we overrule *Cotton States* to the extent that we held, "When the contract is considered as a whole the conclusion is demanded that a pickup truck is not a 'private passenger automobile' within its meaning." *Cotton States Mut. Ins. Co. v. Hutto*, supra at 166.

In recognition of modern-day usage of the pickup truck as a dual or multi-purpose vehicle, we agree with other jurisdictions which have held that under contractual definitions of a "private passenger automobile" as "a four wheel private passenger, station wagon or jeep type automobile" the issue of whether or not a pickup truck falls within the definition is one of fact to be determined by the jury. "One cannot say that a pickup, *per se*, either is or is not a passenger automobile. Common knowledge, and evidence introduced in this case, both recognize that today many a pickup is purchased and used exclusively for the transportation of passengers — the only cargo it ever sees is the owner's vacation camper. The 'reasonable insured' who borrows such a pickup would certainly be entitled to consider it a passenger automobile. On the other hand, where an identical truck is purchased and used by a commercial enterprise exclusively for the hauling of cargo, it could not reasonably be considered a 'private pas-

senger automobile.' The employee driving such a truck, on his employer's business, could not reasonably believe he was covered by his personal automobile policy. In between these extremes lies a vast area where the classification of the truck must necessarily depend on the proof. . . ." *Kramer v. State Farm Mut. Ins. Co.*, 505 P2d 646, 648-49 (Kan. 1973); accord *Johnson v. Home Indem. Co.*, 401 SW2d 871 (Tex. Civ. App. 1966); *Schilling v. Stockel*, 133 NW2d 335 (Wis. 1965). It follows that "evidence as to the construction of the vehicle, how such vehicle was commonly used, and how it was being used is competent and material." *Detmer v. United Security Ins. Co.*, 309 SW2d 713, 717 (Mo. App. 1958).

Our decision to overrule *Cotton States* requires that we reverse the portion of the trial court's order granting summary judgment to Southern Guaranty and remand this case to that court for proceedings consistent with this opinion.

3. Southern Guaranty also contends that Carter "owned" the pickup truck and thus it fails to fall within the policy's definition of "non-owned" automobile. However, the trial court found that *Cotton States* controlled the issue of whether or not a pickup truck was a "private passenger automobile" and, therefore, did not reach the issue of whether Carter "owned" the pickup truck within the meaning of the policy. It is first incumbent upon the trial court to rule upon the issue of whether or not Carter's interest in the vehicle amounted to "ownership" which precludes policy coverage before that issue will be considered by this court. See Ga. Const. 1983, Art. VI, Sec. V, Par. III.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Sognier, Benham and Beasley, JJ., concur.*

DECIDED MARCH 12, 1987 —
REHEARING DENIED MARCH 20, 1987 — ▮▮▮▮▮▮

*William L. Skinner, John V. Costley, Jr.*, for appellants.
*I. J. Parkerson, Andrew J. Hill III*, for appellees.