A91A0365. STONE v. CANAL INSURANCE COMPANY.
(408 SE2d 801)

CARLEY, Judge.
The relevant facts in this appeal are as follows: Appellant-de-

fendant was operating his pickup truck when he collided with another vehicle. At the time of this collision, an empty trailer belonging to someone else was being towed behind appellant's pickup truck. Appellee-plaintiff brought the instant declaratory judgment action, seeking a declaration that it afforded appellant no liability coverage for the collision. After discovery, appellee moved for summary judgment. The trial court granted summary judgment in favor of appellee and appellant appeals.

Appellee does not rely upon a policy exclusion which, by its specific terms, relates to "trailers." Compare *American Cas. Co. v. Callaway*, 75 Ga. App. 799, 801 (1) (44 SE2d 400) (1947). Instead, appellee relies upon a policy exclusion for "bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any . . . *haulaway* . . . owned, hired, or held for sale by [appellant] and not being delivered, demonstrated or tested. . . ." (Emphasis supplied.) "Haulaway" is defined only as "automobiles used to tow, pull or transport automobiles, cargo or freight."

It is not exactly clear what the trial court found to be the excluded "haulaway" in the instant case. It is clear, however, that the trailer itself would certainly not constitute an *excluded* "haulaway," even assuming that the trailer could be considered to be a "haulaway" at all. The trailer was not "owned, hired, or held for sale" by appellant. The trailer was owned by someone else, for whom appellant was gratuitously towing it at the time of the collision. " 'Exceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms.' [Cits.]" *Alley v. Great American Ins. Co.*, 160 Ga. App. 597, 600 (287 SE2d 613) (1981).

Appellant's pickup truck would not necessarily constitute an excluded "haulaway" as a matter of law. "[T]he issue of whether or not a pickup truck falls within the definition is one of fact to be determined by the jury. 'One cannot say that a pickup, *per se*, either is or is not a passenger automobile. . . . [M]any a pickup is purchased and used exclusively for the transportation of passengers — the only cargo it ever sees is the owner's vacation camper. . . . On the other hand, where an identical truck is purchased and used by a commercial enterprise exclusively for the hauling of cargo, it could not reasonably be considered a "private passenger automobile." . . . In between these extremes lies a vast area where the classification of the truck must necessarily depend on the proof. . . .' [Cits.] It follows that 'evidence as to the construction of the vehicle, how such vehicle was commonly used, and how it was being used is competent and material.'

[Cit.]" *Sanders v. Ga. Farm &c. Ins. Co.*, 182 Ga. App. 279, 283-284 (2) (355 SE2d 705) (1987). Accordingly, resolution of the instant case is dependent upon whether the evidence, when construed most strongly against appellee, would nevertheless demand a finding that appellant's pickup truck was an excluded "haulaway."

At the time of the actual collision, appellant's pickup truck was *not* being used to tow, pull or transport automobiles, cargo or freight. It was merely being used to tow an empty trailer. Although there is evidence that appellant may have previously used the pickup to tow other automobiles, there is no evidence which demands a finding that he had exclusively or even commonly used it for that purpose. "Haulaway" is defined as "automobiles *used* to tow, pull or transport automobiles, cargo or freight." (Emphasis supplied.) "Haulaway" is not defined as automobiles capable of such use or as automobiles which the insured may have occasionally put to such use. There being no evidence which would demand a finding that appellant's use of his pickup was such as to render it an excluded "haulaway" as a matter of law, it necessarily follows that the trial court erred in granting summary judgment in favor of appellee. "[T]he issue of whether or not [appellant's] pickup truck falls within the definition is one of fact to be determined by the jury." *Sanders v. Ga. Farm &c. Ins. Co.*, supra at 283 (2).

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 18, 1991 —
RECONSIDERATION DENIED JULY 22, 1991 —

*O. Wayne Ellerbee*, for appellant.
*Crim & Bassler, Harry W. Bassler, Thomas S. Bechtel*, for appellee.

