## A00A2092. DEWS v. RATTERREE et al.
(540 SE2d 250)

ELDRIDGE, Judge.

This Court first considered the instant case in *Mike's Garage Door Co. v. Dews*, 220 Ga. App. 648 (469 SE2d 855) (1996). Therein, appellant-plaintiff Henry Dews III sued appellee-defendant Mike Ratterree and Mike's Garage Door Company, Inc. ("Mike's Garage Doors"), a company which Ratterree incorporated in September 1991, to recover money damages for fingers Dews lost while attempting to free a jammed garage door opener that the company installed in his home. For want of a transcript on appeal or a statutorily authorized substitute, we affirmed the trial court's grant of partial summary judgment to Ratterree and, following a bench trial, its judgment for Dews in the amount of $15,000. Id. at 649. "Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." (Citations and punctuation omitted.) Id.

Mike's Garage Doors having been insolvent from the date the foregoing lawsuit was filed, Dews brought the instant action against Ratterree and appellee-defendant Cynthia Jeanine Ratterree, Ratterree's wife, personally as the alleged owners of Mike's Garage Doors seeking to pierce the corporate veil to recover damages for the injuries to Dews' hand. It is from the Bibb County Superior Court's order granting the Ratterrees summary judgment in this case that Dews now appeals. *Held*:

On a motion for summary judgment under OCGA § 9-11-56, the moving party may prevail by (1) presenting evidence which negates an essential element of the plaintiff's claims, or (2) showing an absence of evidence to support the case as to any essential element. *Caven v. Warehouse Furnishings Distrib.*, 209 Ga. App. 706 (434 SE2d 532) (1993). If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

*Speir v. Krieger*, 235 Ga. App. 392, 397 (2) (509 SE2d 684) (1998).

The Ratterrees each submitted an affidavit in support of their motion for summary judgment. By his affidavit, Mike Ratterree pertinently stated that he is the sole owner and shareholder of his business, Mike's Garage Doors; that he has been the sole owner and shareholder of Mike's Garage Doors from its inception as a corporation; that originally Mike's Garage Doors operated as Mike's Overhead Doors, Inc.; that, on or about February 13, 1996, he changed the

name "Mike's Garage Doors" in order to avoid confusion with a Conyers company known as Doors By Mike, Inc.; that "he [has] always operated . . . [Mike's Garage Doors] as a separate and distinct entity"; that he has never commingled funds from Mike's Garage Doors with his own personal funds; that Mike's Garage Doors was formed to make a profit in Georgia; that "[t]he corporation has never been used to perpetrate fraud, confuse or avoid judgment creditors or avoid liability"; that when Dews' hand was injured in 1991, Mike's Garage Doors was operating as a corporation and was "virtually insolvent," as it remains; that he was not present and had no participation in the installation of the overhead door at Dews' residence; that he did not have knowledge the door had allegedly malfunctioned until he was served with Dews' first lawsuit; and that his wife has no ownership interest in the corporation and does not participate in its operations in any capacity. Ms. Ratterree's affidavit corroborated that of her husband, adding that "[she did] not handle and [was] not familiar with any funds or assets of [Mike's Garage Doors]."

Dews opposed the Ratterrees' motion for summary judgment, as he does on appeal, pointing to Mr. Ratterree's deposition testimony. Pertinently, Mr. Ratterree deposed that he started the business in 1991 by depositing loans to the corporation from personal sources in the Ratterrees' personal checking account, thereafter using the account for business and personal purposes until establishing an individual account for Mike's Garage Doors approximately seven months later. Mr. Ratterree also deposed that, without dissolving Mike's Garage Doors, he incorporated Mike's Overhead Doors, Inc. in 1995; that Mike's Overhead Doors subsequently made payments on loans to Mike's Garage Doors as to which the Ratterrees were personally liable; and that Mike's Garage Doors used and paid for several trucks he purchased in his own name and depreciated personally for tax purposes.

Initially, we point out that the affidavit Mr. Ratterree offered in support of his motion for summary judgment is conclusory insofar as it stated that corporate funds belonging to Mike's Garage Doors had never been commingled with his personal funds; that Mike's Garage Doors was insolvent at the time of the injuries to Dews' hand and remains insolvent; and that "[t]he corporation has never been used to perpetrate fraud, confuse or avoid judgment creditors or avoid liability." To the extent that Mr. Ratterree's affidavit was conclusory it was inadmissible on motion for summary judgment. OCGA § 9-11-56 (e) ("[A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

> The rule is that where an affidavit contains conclusions which would not be admissible in evidence, the conclusions are to be disregarded in considering the affidavit in connection with the motion for summary judgment. *Chandler v. Gately*, 119 Ga. App. 513 (1) (167 SE2d 697) (1969).

*Love v. Love*, 259 Ga. 423, 424 (1) (383 SE2d 329) (1989); *Davis v. Haupt Bros. Gas Co.*, 131 Ga. App. 628, 629 (2) (206 SE2d 598) (1974) ("[N]o consideration is given conclusions. . . ."); *Resolute Ins. Co. v. Norbo Trading Corp.*, 118 Ga. App. 737, 741-742 (1) (165 SE2d 441) (1968) ("Bare legal conclusions in affidavits create no issue of fact on motion for summary judgment. *Benefield v. Malone*, 112 Ga. App. 408 (2) (145 SE2d 732) [(1965)]; *Cooper v. Brock*, 117 Ga. App. 501 (3) (161 SE2d 75) [(1968)]; *Bowen v. Consolidated Mortg. &c. Corp.*, 115 Ga. App. 874 (156 SE2d 168) [(1967)].").

Notwithstanding the foregoing, unexplained conflict also exists between the affidavit Mr. Ratterree offered in support of his motion for summary judgment and his earlier deposition testimony, then otherwise of record. *Gen. Motors Corp. v. Walker*, 244 Ga. 191, 193 (259 SE2d 449) (1979) (deposition need only be on file to be considered on motion for summary judgment). That is, Mr. Ratterree states by affidavit he never commingled the corporate funds of Mike's Garage Doors with his personal funds and that, to avoid confusion with another business, he renamed Mike's Garage Doors as Mike's Overhead Doors. However, in doing so, he makes no attempt to explain his deposition testimony to the contrary. Thus, the superior court was here obligated to apply the rule in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986) (party-witness' self-conflicting testimony construed against the party-witness). Jury questions necessarily arise out of Mr. Ratterree's affidavit as opposed, whether analyzed as conclusory or as inconsistent with his deposition testimony and unexplained under *Prophecy*.

Jury questions arise even upon an analysis of Mr. Ratterree's affidavit as inconsistent with his deposition but explained. Upon accepting an explanation as reasonable on motion for summary judgment, any contradictory testimony remains, and we must consider all the evidence, favorable and unfavorable. *Gentile v. Miller, Stevenson & Steinichen, Inc.*, 257 Ga. 583 (361 SE2d 383) (1987). So, construing the evidence on the question of whether funds were here commingled, Mr. Ratterree makes the statement by affidavit that no funds were commingled and evidently relies on his deposition testimony in which he explained that he deposited and maintained the corporate monies in his personal checking account as loans to the corporation. However, unlike our decision in *Stewart Bros., Inc. v. Allen*, 189 Ga.

App. 816 (1) (377 SE2d 724) (1989), the Ratterrees presented no evidence showing that the loans were made or that payments were made toward their repayment.[1] Further, although Mr. Ratterree explained by his affidavit the existence of Mike's Overhead Doors as only a name change to avoid confusion with another business, he deposed that he incorporated Mike's Overhead Doors "in 1995"[2] and that Mike's Overhead Doors made payments on loans to Mike's Garage Doors as to which the Ratterrees were personally liable, among others. Finally, it is uncontroverted in the record that Mike's Garage Doors used and paid for trucks Mr. Ratterree bought in his own name and depreciated personally for tax purposes.

Because Dews put forward at least some evidence that Mr. Ratterree commingled the assets of Mike's Garage Doors with his own; acted to confuse Mike's Garage Doors, Mike's Overhead Doors and himself as separate legal entities to avoid judgment creditors; and used Mike's Garage Doors as an instrumentality for the transaction of his own personal affairs,[3] the instant case, however analyzed, presents issues of fact for jury determination as to whether the corporate veil should be pierced. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Speir v. Krieger*, supra at 398. Accordingly, we conclude that the superior court erred in granting the Ratterrees' motion for summary judgment.

---

[1] On being deposed, when asked if he could document his loans to Mike's Garage Doors, Mr. Ratterree stated that such documentation had existed, but explained, "I can't tell you where it's at or what I've done with it."

[2] On being deposed, Mr. Ratterree did not specify whether he incorporated Mike's Overhead Doors before or after judgment was entered against him in *Mike's Garage Door Co. v. Dews*, supra.

[3] In order to disregard the corporate entity because a corporation is a mere alter ego or business conduit of a person, it should have been used as a subterfuge so that to observe it would work an injustice. To prevail based upon this theory it is necessary to show that the shareholders disregarded the corporate entity and made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist. The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has overextended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or to evade contractual or tort responsibility. Because the cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders, the mere operation of corporate business does not render one personally liable for corporate acts. Sole ownership of a corporation by one person or another corporation is not a factor, and neither is the fact that the sole owner uses and controls it to promote his ends. There must be evidence of abuse of the corporate form. Plaintiff *must show that the defendant disregarded the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control.* (Citations and punctuation omitted; emphasis supplied.) *Heyde v. Xtraman, Inc.*, 199 Ga. App. 303, 306 (2) (404 SE2d 607) (1991).

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

<span style="display:block; text-align:center;">DECIDED OCTOBER 6, 2000.</span>

*Mullis, Marshall, Lindley & Powell, Julius A. Powell, Jr.,* for appellant.
*Phillips & Phillips, Arthur L. Phillips,* for appellees.