A02A0680. NAT KATZ & ASSOCIATES, LTD. v. BARBER et al.
(564 SE2d 802)

RUFFIN, Judge.

Nat Katz & Associates, Ltd. ("Katz") sued Ronald Barber for payment of goods and services that Katz provided to ICR, Inc. ("ICR").[1] Katz sought to hold Barber personally liable for ICR's debt, alleging that Barber, the president of ICR, is the company's alter ego. Following a bench trial, the trial court found insufficient evidence to pierce ICR's corporate veil and entered judgment for Barber. Katz appeals, and for reasons that follow, we affirm.

---

[1] Katz also sued Wilbar Developers, LLC, which is not a party to this appeal.

1. In two enumerations of error, Katz argues, in essence, that the trial court erred in refusing to pierce the corporate veil. On appeal, we must construe the evidence favorably to the judgment, and we will uphold the trial court's factual findings if any evidence supports them.[2]

Viewed in this manner, the evidence showed that Barber was president of ICR, a construction company that performed work for various clients, including Wilbar Developers, LLC ("Wilbar"). Barber was the managing member of Wilbar, as well as its registered agent.

Wilbar retained ICR to perform construction work at a restaurant, and ICR hired Katz to install the restaurant's carpet. As a result, Katz sent ICR an invoice in November 1999 for $8,142.90, which ICR did not pay. At trial, Barber admitted that ICR owed Katz the invoiced amount.

In December 1999, ICR incurred a second debt to Katz while renovating Barber's home. Barber testified that his condominium homeowner's association required him to employ a fully insured contractor during the renovations, and he used ICR as that contractor. Ninety percent of the remodeling work was billed through ICR, which paid certain invoices relating to the renovations. According to Barber, ICR accounted for such payments as an advance to him, as an officer, and he would reimburse ICR for those advances. Although ICR never paid Katz for its work on the condominium, Barber personally satisfied this debt.

At some point before the bench trial, ICR filed for bankruptcy, listing Katz as a creditor. Barber testified that ICR also owed him $68,000. The evidence further showed that creditors eventually foreclosed on Wilbar's restaurant, and Wilbar was forced into involuntary bankruptcy. Barber and his wife operated the restaurant for approximately one year after the foreclosure.

Based on the evidence presented, the trial court refused to pierce ICR's corporate veil. We find no error. "The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has overextended his privilege in the use of a corporate entity in order to defeat justice, perpetrate fraud or to evade contractual or tort responsibility."[3] To support its alter ego claim, Katz had to show that Barber abused ICR's corporate form and "disregarded the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records

---

[2] See *Peace v. Dominy Holdings*, 251 Ga. App. 654, 656 (1) (554 SE2d 314) (2001); *Plaza Properties v. Prime Business Investments*, 240 Ga. App. 639, 640 (2) (524 SE2d 306) (1999), aff'd, 273 Ga. 97 (538 SE2d 51) (2000).

[3] *Soerries v. Dancause*, 248 Ga. App. 374, 375 (546 SE2d 356) (2001).

or control."[4] Resolution of this issue generally is left to the factfinder — in this case, the trial judge.[5]

Katz argues that, by operating Wilbar's restaurant after the foreclosure and using ICR to pay for his condominium renovations, Barber disregarded ICR's corporate form and commingled the corporation's funds and affairs with his own. Given the evidence presented, however, the trial court was authorized to reject Katz's alter ego allegations. Barber testified that he, ICR, and Wilbar all maintained separate bank accounts. Indisputably, ICR acted as the contractor for Barber's home renovations and paid expenses relating to that renovation out of its corporate accounts. Barber explained at trial, however, that he reimbursed ICR for those expenses, which were recorded on ICR's books as officer advances, and Katz presented no contrary evidence.[6] Barber further testified, without contradiction, that ICR owed him a significant amount of money. And, like the trial court, we cannot discern how Barber's involvement with *Wilbar's* restaurant shows, as a matter of law, that Barber ignored *ICR's* corporate separateness.

In its brief, Katz claims that the trial court erroneously required it to prove a routine of commingling in order to pierce ICR's corporate veil. At trial, however, the judge explained that Katz needed to show that Barber "disregarded the separate entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control." This is a correct statement of law,[7] which the trial court properly applied to the facts.

Tasked with resolving the factual issues, the trial court found in Barber's favor. Because evidence supported the trial court's factual conclusions, we will not overturn its judgment on appeal.[8]

2. Citing cases involving summary judgment requirements and affirmative defenses, Katz also argues that the trial court erroneously forced it to shoulder the burden of proof throughout the trial. According to Katz, once it presented a prima facie case supporting its alter ego theory, Barber "had the burden of disproving [Katz's] case and proving its own defenses." Specifically, Katz complains that the trial court did not require Barber to prove that he repaid ICR for funds spent on his home renovation or that ICR owed him money.

---

[4] Id.

[5] See id.

[6] See *Fuda v. Kroen*, 204 Ga. App. 836, 838 (1) (420 SE2d 767) (1992) (former employee failed to show commingling between corporation and officers because, although employee testified that corporation paid various expenses for officers, "he adduced no evidence showing that these were not legitimate business expenses or authorized by the corporation as part of [the officers'] compensation packages").

[7] See *Soerries,* supra; *Dews v. Ratterree,* 246 Ga. App. 324, 327, n. 3 (540 SE2d 250) (2000).

[8] See *Peace,* supra.

As an initial matter, Barber presented uncontradicted evidence — in the form of his own testimony — that he repaid the funds ICR advanced to him during the renovations and that ICR owed him a significant debt. Katz's claim that Barber offered no evidence on these issues is completely without merit.[9] Furthermore, Katz's reliance on summary judgment procedures is misplaced. The trial court entered judgment for Barber following a bench trial. Thus, the requirement that a defendant pierce a plaintiff's pleadings on summary judgment is irrelevant here. Finally, the record shows that, at trial, Barber did not raise an affirmative defense on which he bore the burden of proof.[10] Instead, he simply denied Katz's alter ego allegations. Under Georgia law, Katz carried the burden of proving those allegations; Barber was not required to *disprove* them.[11]

3. Barber's request that we impose a frivolous appeal penalty against Katz under Court of Appeals Rule 15 (b) is denied.

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED APRIL 30, 2002.

*Isenberg & Hewitt, Harriet C. Isenberg*, for appellant.
*Weizenecker, Rose, Mottern & Fisher, Stephen G. Weizenecker, Melissa B. Silverman*, for appellees.

---

[9] Citing *Dews, supra*, Katz asserts that such testimony is worthless without corroborative documentary proof. In *Dews*, we found that inconsistencies in the defendant's testimony relating to asset commingling raised questions of fact regarding the plaintiff's alter ego claim, precluding summary judgment. 246 Ga. App. at 326-327. That decision does not require us to ignore Barber's trial testimony in this case.

[10] See *Carver v. Jones*, 166 Ga. App. 197, 198 (1) (303 SE2d 529) (1983) ("Where a defendant admits the essential facts of a plaintiff's petition but sets up other facts in justification or avoidance, an affirmative defense is presented and the defendant ordinarily has the burden of proving it.").

[11] See id. ("The burden of proof is determined by the pleadings, and a defendant's denial of the plaintiff's allegations is notice to the plaintiff that he has the burden to prove them."); OCGA § 24-4-1; see also *Fuda, supra* (evidence failed to support alter ego theory because claimant presented no proof that corporate payments to officers for allegedly personal expenses were not legitimate business expenses or part of the officers' compensation plan).