A10A0161. FLEEMAN et al. v. CANAL INSURANCE COMPANY et al.
(690 SE2d 524)

BLACKBURN, Presiding Judge.

In this declaratory judgment action to determine insurance coverage, Lily and Richard Fleeman, Heritage Motor Company, and Christopher Smith appeal the trial court's grant of summary judgment to Canal Insurance Company ("Canal") and National Indemnity Company ("National"), arguing that the trial court lacked jurisdiction to consider the pending summary judgment motions once the trial was held and completed. We agree and therefore reverse.

The undisputed facts show that while on an errand for a used car dealership (Heritage) on March 4, 2008, Smith was driving a tow truck owned by the dealership when he failed to stop at a red light and collided with a vehicle occupied by two victims (the Fleemans). The victims suffered injuries and filed claims with the dealership's vehicle insurance company (Canal), which were contested. The victims (as well as their own auto insurance company as subrogee) subsequently filed suits against the driver and the dealership to recover for their injuries.

In August 2008, Canal filed a declaratory judgment action against the victims, the dealership, the driver, the victims' insurance company, and National (a second vehicle insurance company that had issued a policy to the dealership),[1] seeking a determination that Canal's policy did not cover the dealership's tow truck. National responded by filing a cross-claim and counterclaim that its policy also did not cover the truck.

On December 29, 2008, the trial court set a trial date for March

---

[1] Although not originally named as a defendant, National was later added as a party defendant per court order. See OCGA § 9-11-21.

18, 2009. In mid-February 2009, National and Canal separately moved for summary judgment in their respective favors. In late February, they jointly moved the trial court to continue the trial until after the summary judgment motions had been determined, which continuance the victims opposed. The court denied the motion to continue the trial, and the trial proceeded on the scheduled March 18 date.

At the bench trial,[2] National filed a trial brief, the parties gave opening statements, eight witnesses testified, twenty-two exhibits were admitted, and the parties gave closing arguments. Throughout the proceeding, the court and the parties consistently referred to and treated the proceeding as the final trial on the merits, with Canal's attorneys admitting that the parties were not there on the summary judgment motions but were there on the final trial, and with National's attorneys even conceding that its pending motion for summary judgment would be mooted by the ongoing trial. At the conclusion of the trial, the court indicated it would rule at a later time.

Six weeks later, the court inexplicably granted the summary judgment motions of Canal and National. Despite Canal's and National's appellate efforts to characterize the ruling as an entry of judgment on the evidence submitted at trial, the order clearly reflected that it was a ruling on the motions for summary judgment: (i) the title of the order was "ORDER GRANTING CANAL INSUR-ANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND NATIONAL INDEMNITY COMPANY'S MOTION FOR SUMMARY JUDGMENT"; (ii) the introductory paragraph of the order stated that the court was ruling on the pending motions for summary judgment of Canal and National (specifying the filing date of each); (iii) the court did not purport to resolve the contradictory testimony given at the trial on the key issues of fact; (iv) the court cited to OCGA § 9-11-56 (c) for its standard of review on the motions for summary judgment; and (v) in its concluding paragraph, the court stated it was granting Canal's and National's motions for summary judgment.

We hold that the court had no jurisdiction to consider the motions for summary judgment once the trial was held. As stated in *Braselton Bros., Inc. v. Better Maid Dairy Products*[3] (interpreting Georgia's prior but similar summary judgment act and relying on federal case law interpreting Federal Rule 56, which is also similar to

---

[2] An earlier demand for a jury trial had been withdrawn.

[3] *Braselton Bros., Inc. v. Better Maid Dairy Products*, 110 Ga. App. 515, 515 (1) (139 SE2d 124) (1964).

OCGA § 9-11-56),[4] "[t]he purpose of [summary judgment] was to provide a procedure which would eliminate the necessity of the trial of contested law suits." Thus, the summary judgment procedure "contemplates an inquiry *in advance of trial* as to whether there is a genuine issue and may be invoked for the purpose of striking sham claims and defenses which obstruct a prompt determination of the truth." (Punctuation omitted; emphasis supplied.) Id. at 516 (1). Because the trial in *Braselton Bros.* had proceeded to the point where the court was under the duty to make findings of fact, id., we concluded that "[t]he court was without jurisdiction to entertain and grant the defendant's motion for a summary judgment, and the court erred in granting it." Id. at 517 (1).

We hold similarly here. In the hotly contested trial conducted below, contradictory testimony was presented on key points, such as whether the tow truck was a private passenger vehicle covered under the Canal policy (multiple witnesses testified that the dealership often used its tow trucks to merely transport passengers such as employee families on personal family trips and errands). Cf. *Sanders v. Ga. Farm Bureau Mut. Ins. Co.*[5] ("the issue of whether or not a pickup truck falls within the definition [of a private passenger automobile] is one of fact to be determined by the jury"). Accord *Stone v. Canal Ins. Co.*[6] Regarding the National policy, evidence showed that National had filed with the government a "Form F" on the dealership, which normally would make National liable for any accidents caused by any of the dealership's vehicles regardless of whether National's policy with the dealership covered the vehicle. See *Ross v. Stephens.*[7] National, however, claimed that the dealership was not a motor common or contract carrier, and therefore that the "Form F" was mistakenly filed and was not valid. Yet testimony conflicted as to whether the dealership undertook the transporting of cars for compensation, which circumstance could have met the definition of "motor contract carrier" or "motor common carrier" under OCGA § 46-1-1 (9) (A). Cf. OCGA § 46-7-37 (a).

Thus, the trial having taken place, with contradictory testimony on key points having been presented, the trial court was and is under the obligation to weigh the credibility of the witnesses and other evidence and to resolve the pending issues before it; it was without

---

[4] See *McKesson HBOC, Inc. v. Adler*, 254 Ga. App. 500, 503 (1), n. 4 (562 SE2d 809) (2002) ("[b]ecause Georgia's Civil Practice Act is modeled on the Federal Rules of Civil Procedure, decisions of the federal courts interpreting the federal rules are persuasive authority").

[5] *Sanders v. Ga. Farm Bureau Mut. Ins. Co.*, 182 Ga. App. 279, 283 (2) (355 SE2d 705) (1987).

[6] *Stone v. Canal Ins. Co.*, 200 Ga. App. 561, 562 (408 SE2d 801) (1991).

[7] *Ross v. Stephens*, 269 Ga. 266, 269 (496 SE2d 705) (1998).

jurisdiction to entertain and grant Canal's and National's now moot motions for summary judgment. See *Braselton Bros.*, 110 Ga. App. at 517 (1). See generally *Drillers Svc. v. Moody*[8] (where case has been tried, denial of motion for summary judgment is moot); *Nat Katz & Assocs. v. Barber*[9] (after bench trial, "reliance on summary judgment procedures is misplaced"); *Southland Owners Assn. v. Myles*[10] (contentions regarding denial of summary judgment became moot once case went to trial); *Sanders v. Bowen*[11] (summary judgment issues become moot after a case is tried).

*Judgment reversed. Barnes and Bernes, JJ., concur.*

DECIDED FEBRUARY 3, 2010.

*Fortson, Bentley & Griffin, Robert N. Elkins*, for appellants.
*Crim & Bassler, Anne D. Gower, Hicks, Casey & Foster, Zachary M. Matthews*, for appellees.

---

[8] *Drillers Svc. v. Moody*, 242 Ga. 123, 124 (1) (249 SE2d 607) (1978).
[9] *Nat Katz & Assocs. v. Barber*, 255 Ga. App. 207, 210 (2) (564 SE2d 802) (2002).
[10] *Southland Owners Assn. v. Myles*, 252 Ga. App. 522, 524-525 (3) (555 SE2d 530) (2001).
[11] *Sanders v. Bowen*, 196 Ga. App. 644, 644 (1) (396 SE2d 908) (1990).